**Margaret HINES, Appellant,**

v.

**LOUISVILLE FIGURE SKATING CLUB, INC., Appellee.**

Court of Appeals of Kentucky.

Jan. 20, 1961.

————◆————

Charles E. Gaines, Louisville, for appellant.

Davis M. Howerton, Jr., Stites, Wood, Helm & Peabody, Louisville, for appellee.

MONTGOMERY, Judge.

Margaret Hines sued Louisville Figure Skating Club, Inc., to recover damages for injuries sustained by a fall on the ice while skating. Summary judgment was granted the defendant from which the plaintiff appeals.

Appellant was a paying patron of appellee's ice skating rink at the time of her fall. She attended the rink at least once every week, sometimes twice, and described herself as a "better than normal" skater. After she had been skating for an hour or so, and just before that particular skating session was to end, she fell on the ice and sustained the injuries about which she complains. Appellee knew that an intermission was about to be called, at which time the ice would be scraped and cleaned.

It is contended for the appellant that there was a genuine issue as to a material fact; namely, whether there was a defect

in the ice which caused the fall. Judgment was based on the pleadings, the deposition of the appellant, and the deposition of appellee's manager.

Appellant testified:

"27. Tell us what occurred.

"A. Well, I was just plain skating around and hit a rough spot in the ice and just down I went.

.*. .* * .* * *

"136. Do you have any idea what caused you to fall at that point?

"A. Just a rough spot in the ice."

Appellant also testified that earlier in the session she had skated over that portion of the ice where she later fell and that there was no hole in the ice or dirt and debris on it.

The manager testified:

"14. And did you inspect that area to find out whether there was a defect in the ice at that point?

"A. Yes, I did.

"15. Was there any defect at that point that you saw?

"A. No more than regular normal ice skating conditions.

"16. And was there any roughness or any defect in it?

"A. No more than what normally it would be after the session was over."

The manager also testified that the whole ice surface after five minutes of skating would show signs of cutting by the skates which is a normal condition.

■ On a motion for summary judgment, the court should take the view most favorable to the party against whom the motion is directed, giving that party the benefit of all favorable inferences that may reasonably be drawn from the evidence, and resolving all doubts as to the existence of a genuine issue against the moving party. Kaze v. Compton, Ky., 283 S.W.2d 204; Mitchell v. Jones, Ky., 283 S.W.2d 716.

In the light of the rule just stated, the evidence shows plainly that there was no defect in the ice and no roughness other than the normal roughness produced by the cutting of the ice by the skates. This was a condition with which appellant was shown to have been familiar and accustomed by reason of her regular participation as a skater. Under these circumstances, it is clear beyond any doubt that there was no condition of the ice which could have been considered as a defect.

The rule was stated in McCullough v. Omaha Coliseum Corporation, 144 Neb. 92, 12 N.W.2d 639, 643, which is directly in point with the present case. The Nebraska Supreme Court said: "The plaintiff, participating in the sport of skating on defendant's rink, assumed the ordinary risks of that sport, which includes inequalities of surface, which can reasonably be anticipated." The court concluded: " * * * that, where an experienced skater participates * * * in a public skating rink, such skater assumes the necessary and obvious risks incidental to the recreation."

We have no difficulty in holding that appellant failed to establish any negligence on the part of appellee, that she assumed the risk of skating on the rough ice surface, and that no legal wrong was done to her. Schmidt v. Fontaine Ferry Enterprises, Ky., 319 S.W.2d 468, 69 A.L.R.2d 1062. The summary judgment was correctly granted. Gumm v. Combs, Ky., 302 S.W.2d 616; Monning v. Kentucky Hotel, Ky., 310 S.W.2d 61.

Judgment affirmed.