Lavada RICHARDSON, Appellant,

v.

EASTLAND, INC. and Nancy Spence, Appellees.

Supreme Court of Kentucky.

Nov. 23, 1983.

Charles A. Taylor, Clyde L. Stapleton, Lexington, for appellant.

Robert Walker, Guy R. Colson, Leslie Patterson, David C. Long, Brown, Sledd & McCann, Lexington, for appellees.

LEIBSON, Justice.

Appellant, plaintiff below, filed suit in Fayette Circuit Court against Eastland, Inc., the owner of Eastland Shopping Center, alleging that she was injured while a passenger in her daughter's car in an automobile collision occurring on Eastland's premises because Eastland negligently failed to maintain suitable traffic controls and warning devices on the premises.

Shortly before filing against Eastland appellant had settled her claims against her daughter. She executed a "RELEASE" which, by its terms, operated to "release and forever discharge . . . Nancy Spence (her daughter) of and from all claims, damages, actions, causes of action, known or unknown, or suits at law or in equity, of whatsoever kind or nature, for or because of any matter or thing done, omitted or suffered to be done" by Nancy Spence.[1] The release did not specify that appellant had been fully compensated for her injury, nor did it purport to operate in favor of other unnamed persons. In short, it was not by its terms a general release. On the other hand it did not expressly reserve the right to make further claims against unnamed parties who might also be liable.

After the case was in court for a number of years, but before it came on for trial, Eastland filed a third party claim against Nancy Spence, seeking indemnity and/or contribution for any damages awarded to the appellant. Thereafter the "RELEASE" surfaced and Eastland moved for summary judgment on grounds "that plaintiff, by signing a release of the third party defendant (Nancy Spence) without reserving her claim against Eastland, Inc., extinguished her (appellant's) right against Eastland, Inc." Appellant countered that this was a partial release, limited to the persons specified; that Eastland was not protected by its terms.

The trial court granted summary judgment and the Court of Appeals affirmed, following *Kingins v. Hurt,* Ky., 344 S.W.2d 811 (1961).

*Kingins* held that the release of one party releases all unless the right to make further claims is *expressly* reserved: "unless on its face (the release) can be fairly interpreted as reserving the claimant's rights against other tortfeasors it will be treated as an unconditional release." 344 S.W.2d 812.

Appellant argues that *Kingins* is against the weight of authority and we should abandon it. The Court of Appeals held that it was not within its province to overrule our decision in *Kingins.* We granted discretionary review and after due consideration of the merits of the controversy have decided to overrule the holding in *Kingins.*

At first blush the rule in *Kingins* seems to follow logically from our rule that tortfeasors are jointly and severally liable to the victim. But the first rule is not a corollary of the second one. The joint and several liability of tortfeasors is a rule of tort law, but the meaning of a release is a contract question. A release is nothing more than a contract between the party executing it and the party released. Where the contract is silent we must interpret the intent of the parties.

Thus the rule in *Kingins* is not a rule of tort law. It is simply a device for interpreting what the parties to the release intended when the contract is silent as to whether the parties intended release of the right to claim further against third parties not privy to the contract. The question is not whether we should change a basic concept of tort liability, but whether we should abandon a rule for construing contracts which adds to the contract where it is silent.

---

1. The release also named "Everett Richardson," who is not involved in this case.

Our opinion in *Kingins v. Hurt, supra,* quotes as authority the first edition of the *Restatement of Torts,* Sec. 885(1), which then provided "that the release of one joint tortfeasor discharges all unless it is otherwise stated in the agreement." We adopted the Restatement rule while acknowledging that "Prosser criticizes the latter requirement as 'unfortunate.'"

However, in the *Restatement (Second) of Torts,* new Sec. 885(1), as adopted and promulgated by the American Law Institute May 19, 1977, the committee adopts a "reversal" of the former rule. The new rule is titled "Effect of Release of or Payment by or on Behalf of One of Several Tortfeasors," and provides that it "does *not* discharge others liable for the same harm, unless it is agreed that it will discharge them." (Emphasis added.)

Speaking of the earlier rule and the reason for reversal the commentary to the *Restatement (Second) of Torts,* sec. 885(1) states:

"It frequently resulted in the unintended and unpaid for discharge of one of the tortfeasors. This earlier rule is not consistent with the modern American point of view."

Prosser, *Law of Torts* (4th Ed.1971) p. 304, states that the "only desirable rule" would be that "a plaintiff should never be compelled to surrender his cause of action against any wrongdoer unless he has intentionally done so, or unless he has received such full compensation that he is no longer entitled to maintain it.... (T)his is now the rule actually applied in some two thirds of the American jurisdictions."

In *Sanderson v. Hughes,* Ky., 526 S.W.2d 308 (1975), an opinion by this Court following the opinion in *Kingins v. Hurt, supra,* Chief Justice Scott Reed filed a dissenting opinion pinpointing the logic for a change to the position which we now adopt. Chief Justice Reed's dissent points to the factors which we now recognize as important: (1) that *Orr v. Coleman,* Ky., 455 S.W.2d 59 (1970) puts any further need for the rule in "dubious status," (2) that "it is a rule of contract" rather than tort law, and (3) that

to reverse the rule would better accommodate the intentions of the parties to the release.

We now adopt as a rule of this Commonwealth *Restatement (Second) of Torts,* Sec. 885(1):

"A valid release of one tortfeasor from liability for a harm, given by the injured person, does not discharge others liable for the same harm, unless it is agreed that it will discharge them."

Unless the release shows on its face that others not mentioned in the release are also released or that the claimant has been fully compensated for all damages and the release constitutes payment in satisfaction of all claims, the release shall not be interpreted as providing a defense to a third party not expressly covered.

The decision of the trial court and of the Court of Appeals is reversed and the case remanded to Fayette Circuit Court for further proceedings consistent with this opinion.

All concur.