Raymond Douglas **BLANKENSHIP**, Administrator of the Estate of Nicky Junior Blankenship; Raymond Douglas Blankenship, Individually, and Daisy Louise Blankenship, Appellants,

v.

Charles A. **WATSON** and Jeff Watson, Appellees.

Court of Appeals of Kentucky.

July 13, 1984.

David E. Arvin, Hopkinsville, for appellants.

Wendell H. Rorie, Hopkinsville, for appellees.

Before HAYES, C.J., and COMBS and GUDGEL, JJ.

COMBS, Judge.

This is an appeal from a summary judgment of the Caldwell Circuit Court dismissing appellants' complaint for damages for

the wrongful death of their seventeen year old son, Nicky Blankenship. Nicky was employed by appellees as a farm laborer. On October 8, 1980, at the direction of appellees, Nicky drove one of their large grain trucks to a grain elevator at Henderson. Though Nicky had driven similar trucks from the fields to the bins, he had very little experience in driving the heavily loaded grain trucks on the roads of Webster and Caldwell counties.

On the morning of the 8th, Nicky was driving a loaded truck on Kentucky 132 in Webster County. The truck ran off the shoulder of the road, wrecked and burned. Nicky was trapped inside the vehicle and burned to death. The father qualified as the personal representative and instituted this action on behalf of the estate. Pursuant to KRS 411.130, he sought to recover $250,000 from appellees for the destruction of his son's earning power. Pursuant to KRS 411.133, he sought an additional $100,000 for the pain and suffering endured by his son prior to death. Additionally, both the father and the mother, Daisy Louise Blankenship, sought an additional $25,000 for the loss of the affection and companionship of their son, pursuant to KRS 411.135.

As a basis of their negligence claim, the appellants asserted that appellees failed to instruct the decedent in the safe and proper operation of the loaded farm truck in permitting him to drive upon the public highways without ascertaining his qualifications and experience for such an undertaking, that the truck was overloaded and that the grain bed of the truck was too long, that the size of the bed as well as the overload made the vehicle rather dangerous for an inexperienced driver, particularly over strange and unfamiliar roads.

By way of answer, the appellees denied any negligence on their part, plead the contributory negligence of the decedent as well as his sole negligence, and unavoidable accident.

It appears from the evidence that Nicky and his older brother had never been over this route before, but had made one trip earlier that morning. The record is not clear as to whether their first trip was on Kentucky 132, the road on which Nicky's fatal accident occurred. Nicky had left prior to his older brother to make the second trip, and his brother did not travel on Route 132. It could be argued that Nicky had gotten lost and went on a different route the second trip than he did on the first trip.

According to the evidence, the shoulder of Kentucky Route 132 at and near the accident site was narrow and extremely hazardous. While passing an oncoming vehicle, the tires on the right side of the truck went off the road causing the fatal accident. This tragic accident occurred in Webster County, where the suit was originally filed.

On October 17, 1981, appellees filed a motion for change of venue requesting the case to be transferred from Webster County to Caldwell County because it would be a more convenient forum to the parties, their witnesses and counsel.

On November 19, 1981 the Judge of the Webster Circuit Court, entered an order changing the venue from Webster County to Caldwell County, because "it would provide a more convenient forum for the parties, the witnesses and the attorneys."

Appellants' counsel objected to the transfer and thereafter sought unsuccessfully to set aside the order of transfer.

Discovery depositions were taken by the parties. At that time, it was developed that appellants had filed a claim before the Commonwealth of Kentucky, Board of Claims against the Department of Transportation, Bureau of Highways, seeking damages for their son's death. The Board awarded them damages in the sum of $50,000, its limit. The Department of Transportation, Bureau of Highways, appealed to the Webster Circuit Court, where the Board's award was affirmed. The case was finally settled for a total sum of $40,000 in May of 1983.

Though knowing of the settlement, appellees failed to plead it affirmatively as is required by CR 8.03. Instead, they used it

as a basis for their motion for summary judgment. The Caldwell Circuit Court, relying upon the case of *Bach v. Bach*, Ky., 288 S.W.2d 52 (1956), sustained appellees' motion, and dismissed the complaint.

On appeal, the appellants argue that the trial court erred in changing the venue from Webster to Caldwell county, and that it also erred in granting the summary judgment dismissing their complaint. We agree and reverse.

KRS 452.030 sets forth the procedure for seeking a change. The motion must contain the reasons and grounds therefor. It requires that the Court shall have a hearing for the presentation of evidence and arguments for and against the motion. KRS 452.050 deals with the order providing a change. Once the court has determined from the motion and the evidence that a change is required, then it is to consider the matter of convenience of the parties, the witnesses and attorneys. Even this statute prohibits the court from doing so if there has been a valid objection, such as was interposed here. The order granting the change simply provided, "because it would provide a more convenient forum for the parties, the witnesses and the attorneys ..."

Venue is purely a legislative matter and the Legislature has very plainly and succinctly spoken by enacting KRS 452.010. Appellees' motion is completely void of any grounds recited in KRS 452.010(2). Appellees seek to support the order by contending that it is purely discretionary, and that there was no abuse.

KRS 452.460(1) provides, in part, that "every other action for an injury to the person ... must be brought in the county in which the defendant resides, or in which the injury is done."

■■■ The injury occurred in Webster County, and appellants filed the suit there. It was their option, and it cannot be changed to any other county other than by agreement or by compliance with the provisions of KRS 452.010 et seq. Discretion of the lower court does not enter into this case. Its action was void ab initio.

As previously noted, this is purely a legislative, not a judicial, matter. For the judiciary to attempt to re-write the statute would be an unconstitutional usurpation of power and violative of Sections 27, 28 and 29 of our Constitution. It may be that the doctrine of forum non conveniens would be more appropriate to cases of this nature. The trial court, lacking jurisdiction to change the venue from Webster to Caldwell County, is hereby directed, on remand, to enter an order returning the case to Webster County, the county which appellants chose.

The summary judgment was erroneous and must be reversed for the following reasons:

■■■ (1) In reviewing the summary judgment, we must view the case in the light most favorable to the party against whom the motion is directed. *Hines v. Louisville Figure Skating Club*, Ky., 342 S.W.2d 395 (1961). And all doubts must be resolved against the party moving for summary judgment. *Gullett v. McCormick*, Ky., 421 S.W.2d 352 (1967). Viewing the evidence in a light most favorable to appellants, we believe there is sufficient evidence from which a jury could infer negligence on the part of appellees.

■■■ (2) Appellants' complaint stated three separate causes of action. Only one of them was cognizable by the Board of Claims. That was destruction of the power to earn money. The Board has no authority to award damages for pain and suffering, or for the deprivation of the society, for loss of affection and companionship of their infant son. Certainly the case of *Bach, supra*, relied upon by appellees, has no application to these two causes.

■■■ (3) Appellees take the position that the Commonwealth of Kentucky, Department of Transportation, Bureau of Highways and appellees were joint tortfeasors. Here the negligence, if any, of appellees and that of the Bureau were separate and distinct, both in time and distance.

(4) Assuming that they were joint tortfeasors, the rule of law dealing with release of one tortfeasor as release to all, has been abolished. *See Richardson v. Eastland, Inc.,* Ky., 660 S.W.2d 7 (1983). The *Richardson* case overruled *Kingins v. Hurt,* Ky., 344 S.W.2d 811 (1961). *Kingins* relied upon *Restatement of Torts* § 885(1) (1934) as authority for its position. That section provided, "that the release of one joint tortfeasor discharges all unless it is otherwise stated in the agreement." *Restatement (Second) of Torts* § 885(1) (1965) adopts the opposite rule.

As Justice Leibson stated in *Richardson, supra:*

> Unless the release shows on its face that others not mentioned in the release are also released or that the claimant has been fully compensated for all damages and the release constitutes payment in satisfaction of all claims, the release shall not be interpreted as providing a defense to a third party not expressly covered.

■ We, therefore, see that appellees may not rely upon the settlement as a bar to appellants' claim.

■ If, at trial of this case, appellants recover a verdict and judgment for destruction of earning capacity of their decedent, appellees will be entitled to a credit up to $40,000, this sum being the amount previously collected by the estate from the Bureau of Highways, in the Board of Claims.

The judgment of the Caldwell Circuit Court is reversed.

HAYES, C.J., concurs.

GUDGEL, J., concurs in result.