**Laurel HOLZHAUSER, Appellant,**

v.

**The WEST AMERICAN INSURANCE COMPANY and Farmers' Insurance Exchange, Appellees.**

**No. 88–CA–000862–MR.**

Court of Appeals of Kentucky.

June 30, 1989.

Thomas A. Sweeney, Newport, for appellant.

Dana E. Deering, Robinson, Arnzen, Parry & Wentz, P.S.C., Robert B. Cetrulo, Covington, for appellees.

Before CLAYTON and GUDGEL, JJ., and DUNN, Special Judge.

CLAYTON, Judge.

This matter arises from a summary judgment granted to appellees, West American Insurance Company and Farmers Insurance Company. The summary judgment was predicated upon a general release executed by appellant, Laurel Holzhauser. We reverse.

Holzhauser was involved in a two-car accident on May 6, 1985. Farmers is the liability carrier for the second automobile. West American is Holzhauser's basic reparations benefits (BRB) carrier.

Although there was some discussion of a claim for BRB by Holzhauser immediately after the accident, a claim was not formally made by Holzhauser until April 29, 1987. Subsequently, on May 5, 1987, Holzhauser filed suit against West American since no BRB had been paid, and the Statute of Limitations might have barred the claim otherwise. West American timely answered pursuant to an agreed order on July 6, 1987. The release was not asserted initially.

Meanwhile, on May 8, 1987, Holzhauser executed a general release to Farmers and its insured. The release was witnessed and notarized by Holzhauser's attorney.

West American thereafter tendered a third party complaint against Farmers premised upon KRS 304.39–070, which allows West American to recover any BRB paid from Farmers. Farmers timely answered on November 2, 1987, and asserted the release. Since West American thus learned of the release, it was allowed by the trial court to amend its answer to also assert the release.

Both of the insurance companies moved for summary judgment predicated on the release. The trial court held that *Richardson v. Eastland, Inc.*, Ky., 660 S.W.2d 7 (1983), mandated summary judgment be granted.

Here, Holzhauser challenges the summary judgment on two grounds. First, she alleges that because a general release executed by her could not bar West American from recovering from Farmers if BRB had been paid that the converse is also true. In other words, a general release to a tort-feasor by her is no bar to her claim for BRB from West American. Second, Holzhauser alleges that West American waived any rights it might have had under the release. We consider the challenges in reverse order.

Holzhauser asserts two bases for her waiver argument. She claims that West American's failure to plead the release in its initial answer constitutes a waiver thereof. She additionally states that West American's failure to submit a written denial to her directly also constitutes a waiver.

■ We disagree. West American did not formally learn of the release until Farmers answered the third party complaint. Once West American was aware of the true facts, it moved to amend its answer to include the release. Since CR 15.-01 allows amendment when justice requires, and the trial court did not abuse its discretion in this matter, West American

did not waive its right to defend upon the release. *Burns v. Capitol Beverage Company*, Ky., 472 S.W.2d 510 (1971).

■ Nor do we find the failure to issue a written denial directly to Holzhauser constituted a waiver. Since a suit was filed prior to the expiration of the statutory 30–day time limit, West American's answer constituted a written denial. *See* KRS 304.39–210. The Civil Rules require that the answer be served upon Holzhauser's attorney not Holzhauser personally. CR 5.02.

■ Since there was no waiver, we move on to the merits. We are presented with the question of whether a general release as to all persons, and all claims executed by a plaintiff (Holzhauser) to a defendant and its liability carrier (Farmers) also releases plaintiff's BRB carrier (West American) when no BRB has been paid prior to the release.

West American and Farmers rely on *Richardson, supra.* Their reliance is misplaced, however. *Richardson* analyzes releases as to joint tort-feasors and adopts the position of the Restatement (Second) of Torts that a valid release as to one tort-feasor does not release others unless it is agreed that it will do so. *Id.* at 9. The court expressly overruled the earlier rule that a release as to one joint tort-feasor released all unless an express reservation was made in the release.

At issue in this matter is Holzhauser's contractual claim for BRB benefits. Since *Richardson* only analyzed the situation of joint tort-feasors, it is inapplicable. In short, we are dealing with apples and oranges. A release as to the tort-feasor has no effect on the contractual claim.

West American points out some broadly worded dictum. We disagree. Moreover, it would be incongruous to use *Richardson* which mitigated the harshness of the earlier common law rule regarding releases arising directly from the same transaction (i.e. joint tort-feasors), to effectively re-es-

tablish the old rule for claims not arising directly from the same transaction. (i.e. one in contract and one in tort). We will not do so.

Therefore, the judgment of the Kenton Circuit Court is reversed and this matter remanded for further proceedings consistent herewith.

All concur.