940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Laronna ELLINGTON and Raegan Ellington, by next friend and
parent Patricia Bowman, Jasmine Ross, a minor, by
next friend Patricia Bowman, Plaintiffs,
Patricia Bowman, as next of kin and executrix of the Estate
of Inetta Ross, deceased, Patricia Bowman,
Individually, Plaintiffs-Appellants,
v.
BROWN BROTHERS, INC., Superior Pavement Marking, Inc., Bobby
Knott Road Striping, Inc., Defendants-Appellees,
Tennessee Asphalt Company, Mesquite Steak House, Inc., Defendants.
 No. 90-6337.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this diversity action seeking damages for wrongful death, plaintiff appeals the district court's grant of defendants' motion for summary judgment. Because plaintiff signed a general release purporting to satisfy any and all claims arising from this incident, we affirm the judgment of the district court.
 
 
 2
 Inetta Ross was killed on September 10, 1988 in an automobile collision on Highway 33 in Claiborne County, Tennessee. The accident occurred when the vehicle in which she was a passenger was struck, head on, by a truck driven by Jerry Rouse. Mr. Rouse was operating his motor vehicle in the wrong lane of traffic at the time of the collision.
 
 
 3
 On March 17, 1989, Patricia Bowman, sister of Inetta Ross, signed a release agreement, both as an individual and as executor of her sister's estate, with Jerry Rouse. In return for six thousand dollars individually and fifteen thousand dollars as executor, Bowman executed two identical release agreements upon the advice of counsel. Those agreements provide:
 
 
 4
 For the Sole Consideration of (fifteen thousand and six thousand) Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Jerry L. Rouse, Rt. 1 Sharps Chapel, TN 37866, his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny and liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which may in the future develop from an accident which occurred on or about the 10th day of September 1988 at or near Highway 33-New Tazewell.
 
 
 5
 This release expressly reserves all rights of the parties released to pursue their legal remedies, if any, against the undersigned, their heirs, executors, agents and assigns.
 
 
 6
 Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.
 
 
 7
 Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above.
 
 
 8
 Both releases were given in the Commonwealth of Kentucky, for consideration paid in the Commonwealth; therefore Kentucky law applies to their interpretation.
 
 
 9
 On August 18, 1989, Bowman, in her individual capacity and as executor of her sister's estate, filed a diversity action in the United States District Court for the Eastern District of Tennessee seeking damages against Brown Brothers, Inc., Tennessee Asphalt Company, and Superior Pavement Marking, Inc., for the wrongful death of Inetta Ross arising out of the September 10, 1988 accident. These defendants immediately filed motions for summary judgment alleging, among other defenses, that they were third party beneficiaries to the releases signed by Bowman and that therefore suit against them was barred by Ky.Rev.Stat. 411.182(4), which provides in pertinent part:
 
 
 10
 A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable, shall discharge that person from all liability for contribution, but it shall not be considered to discharge any other persons liable under the same claim unless it so provides.
 
 
 11
 The district court agreed. The court found Ky.Rev.Stat. 411.182(4) to be a codification of the Kentucky Supreme Court's holding in Richardson v. Eastland, 660 S.W.2d 7 (Ky.1983). Richardson reversed the long standing rule in Kentucky that the release of one joint tortfeasor by the plaintiff released all other joint tortfeasors unless the right to make further claims was expressly reserved; in its place, the rule of Restatement (Second) of Torts, 885(1) was adopted:
 
 
 12
 A valid release of one tortfeasor from liability from harm, given by the injured person, does not discharge others liable for the same harm, unless it is agreed that it will discharge them.
 
 
 13
 Richardson, 660 S.W.2d at 9. This position was recently reaffirmed in Stratton v. Parker, 793 S.W.2d 817, 818 n. 1 (Ky.1990). Accordingly, the district court determined that if a release were silent as to other parties, Kentucky law would presume no other parties were intended to receive the benefit of the agreement. However, because the district court found that the releases signed by Bowman were not silent, but rather were general releases intended to discharge all claims, the defendant's summary judgment motions were granted.
 
 
 14
 On appeal Bowman claims that the district court erred in granting summary judgment to the defendants because a genuine issue of material fact remains as to the intent of the parties. We disagree. We find the district court correctly interpreted Ky.Rev.Stat. 411.182(4) to be a codification of Richardson, and therefore hold that because the releases signed by Bowman are on their face unambiguous as to the fact that she "has been fully compensated for all damages and the release[s] constitute[ ] payment in satisfaction of all claims," under Kentucky law her claims are barred, Richardson, 660 S.W.2d at 9, particularly in light of Bowman's acknowledgment that the releases discharged not only Jerry Rouse, but "all other persons, firms, or corporations [who are] liable or, who might be claimed to be liable...." Bowman's attempt to introduce evidence as to the subjective intent of the parties contradicts the unequivocal language of the releases and therefore is parole evidence which cannot be considered.
 
 
 15
 For the foregoing reasons, the judgment of the district court is AFFIRMED.