Duane **COPASS** and Ruth Copass, Appellants,

v.

**MONROE COUNTY MEDICAL FOUNDATION, INC.** and Kenneth R. Crabtree, M.D., Appellees.

No. 94–CA–1577–MR.

Court of Appeals of Kentucky.

June 30, 1995.

Charles E. Theiler, II, Louisville, for appellants.

John R. Grise, Bowling Green, for appellee, Monroe Co. Medical Foundation.

W. Kennedy Simpson, Louisville, for appellee, Kenneth R. Crabtree.

Before GARDNER, GUDGEL and HOWERTON, JJ.

## OPINION

HOWERTON, Judge.

This is an appeal of an order entered by the Jefferson Circuit Court on May 31, 1994, granting the motion of Monroe County Medical Foundation, Inc. and Kenneth R. Crabtree, M.D., to dismiss for improper venue. After reviewing the applicable law, we affirm.

This appeal arose out of a medical negligence suit in which Duane Copass alleged injury from spinal surgery and follow-up care. Ruth Copass asserted a claim for loss of consortium. The surgery was performed by Dr. Steven D. Glassman of the Spine Institute for Special Surgery, P.S.C., and Duane was confined at Alliant Hospitals, Inc., formerly NKC (Norton) Hospitals. Duane's follow-up care was undertaken by Dr. Crabtree and the Monroe County Medical Center (operated by Monroe County Medical Foundation, Inc.). Dr. Glassman is a resident of Jefferson County, and the Spine Institute and Norton's Hospital are Kentucky corporations with offices in Jefferson County. Dr. Crabtree is a Monroe County resident, and the Monroe County Medical

Foundation is a Kentucky corporation with offices in Monroe County.

The Copasses filed their complaint in Jefferson County, naming each of the above physicians and hospital corporations as defendants. Both Dr. Crabtree and the Monroe County Medical Foundation filed motions to dismiss for improper venue. Dismissal for each was granted by an order entered February 15, 1994, which provided, "This is a final order as to these Defendants." The Copasses filed a motion to alter, amend or vacate the order, which was denied on March 14, 1995.

The Copasses filed a notice of appeal with this Court on April 14, 1994. This Court ordered the Copasses to show cause why the appeal should not be dismissed as having been taken from an interlocutory judgment, in that the trial court's previous order did not contain the recitation of finality required in CR 54.02. Thereafter, the trial court entered an order *nunc pro tunc* adding the finality language of CR 54.02. However, this Court dismissed the appeal, reasoning that "a *nunc pro tunc* order cannot retroactively vest finality upon a judgment which was interlocutory when the notice of appeal herein was filed." The Copasses filed a new notice of appeal from the trial court's corrected order.

■ The Copasses characterize the issue thusly: "Can the venue statutes, specifically KRS 452.450 and 452.460 be squared with the apportionment statute, KRS 411.182 such that concurrent acts of medical malpractice can be tried in a single action?" However, we believe the issue really boils down to whether a plaintiff may bring a personal injury action in a county where only one or some, but not all, of the defendants reside or have offices when the injury is alleged to have taken place in more than one county.

■ What the Copasses are attempting to avoid is a multiplicity of suits, which is laudable. KRS 452.450 provides that a tort action against a corporation having an office or place of business in this state, or a chief officer or agent residing in this state, must be brought in the county where the office or business is situated, or where the officer or agent resides. Personal injury actions against an individual defendant must be brought in the county where the defendant resides or where the injury occurred. KRS 452.460. At the outset, we note that venue is purely a legislative matter, and the judiciary may not rewrite the statutes. *Blankenship v. Watson*, Ky.App., 672 S.W.2d 941, 944 (1984), *rev'd on other grounds, Dept. of Educ. v. Blevins*, Ky., 707 S.W.2d 782, 785 (1986).

The Copasses ask this Court to harmonize the venue statutes with KRS 411.182, which codified the doctrine of comparative negligence adopted in *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984). Since liability is now to be apportioned according to the degree of fault involved, the Copasses reason that fundamental fairness requires that all potential tort-feasors be tried in a single trial with a single jury.

■ We agree with the Copasses that the comparative negligence statute and *Hilen* both preclude the adjudication of liability of persons or legal entities who are neither before the court nor are settling tort-feasors. However, neither *Hilen* nor KRS 411.182 authorizes a court to exercise jurisdiction over persons who could not otherwise be summoned in that jurisdiction. Moreover, KRS 411.182 merely addresses the procedure for apportioning liability among parties before the court or who have settled or been released. It does not direct or authorize the adjudication of fault of absent, potential litigators.

This Court reversed the trial court in *Baker v. Webb*, Ky.App., 883 S.W.2d 898 (1994), when it instructed the jury on the duties of a nonsettling nonparty, and the jury apportioned 40% of the fault to that nonparty. This Court reasoned in 883 S.W.2d at 900:

> [T]he thrust of KRS 411.182, considered in its entirety, limits allocation of fault to those who actively assert claims, offensively or defensively, as parties in the litigation *or who have settled by release or agreement.* When the statute states that the trier-of-fact shall consider the conduct of "each party at fault," such phrase means those parties complying with the statute as named parties to the litigation and those

who have settled prior to litigation, not the world at large. (Emphasis added.)

In an earlier case, *Bass v. Williams,* Ky. App., 839 S.W.2d 559, 564 (1992), the Court of Appeals held that it was error for the trial court to instruct the jury to consider the duties of a non-party

> in arriving at an apportionment of fault and damages upon one who does not fall specifically within the scope of KRS 411.182. KRS 411.182 applies to persons named as parties, regardless of how named, and those persons who bought their peace from the litigation by way of releases or agreements.

*Floyd v. Carlisle Const. Co., Inc.,* Ky., 758 S.W.2d 430 (1988), does not elucidate further, in that it also deals with a nonsettling tortfeasor or a defendant who was dismissed from the action.

Thus *Hilen* and KRS 411.182 do not go as far as the Copasses would like in enforcing judicial economy by providing for one common place of suit in these circumstances. Nor does this action fit within the venue statute for transitory actions. *See* KRS 452.480.

We do not see any way around the Copasses' dilemma except to bring two lawsuits— one in Jefferson County and another in Monroe County. Neither the statutes nor civil rules permit this grievance to be redressed in one lawsuit. In concurrent negligence, the factor that the defendants ordinarily have in common is the place of the tort, but that is not the case here. The Copasses have not alleged that the negligence took place in only one county, nor are they alleging that the Monroe County defendants took some action to cause injury in Jefferson County. They argue that the doctors' failure to interact or communicate with each other in the follow-up care resulted in the failure to treat a blood condition which led to a blood clot at the surgical site, culminating in paralysis. The only apparent connection we can see is that Dr. Crabtree referred Duane Copass to Dr. Glassman and that Copass will have difficulty determining which defendant caused what proportion of his injuries. Merely because a plaintiff will have difficulty sorting out liability is not enough to disregard our venue statutes.

As presented, this case is comparable to *Rose v. Sprague,* 248 Ky. 635, 59 S.W.2d 554 (1933), where it was written at 248 Ky. 638, 59 S.W.2d 556:

> It is very plain that the petition as amended states against each of the physicians a distinct and separate cause of action, occurring in the several counties of the residences of the physicians. ... [T]he allegation that [Rose's] injury was caused directly by the concurrent negligence of the several physicians does not relieve the case of the fact that the pleading states an independent, separate, and distinct cause of action against each of the named physicians, originating, if at all, in the several counties of their respective residences.

After careful scrutiny of the law and facts, we conclude that our venue statutes do not permit this suit to be tried against all defendants in one location, unless venue is waived. We also do not believe there is any inconsistency between the venue statutes and KRS 411.182, as that statute provides that apportionment may be had against all parties or settling tort-feasors, but it vests no authority to force tort-feasors to trial in an improper venue.

We affirm the order of the trial court.

All concur.