**Jonathan CONNER, Plaintiff–Appellant,**

v.

**Richard GREATHOUSE, Defendant–Appellee.**

No. 00–6584.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2002.

Before MERRITT, BOGGS, and MOORE, Circuit Judges.

MERRITT, Circuit Judge.

In this personal injury case brought as a result of an auto accident on February 17, 1998, the plaintiff on August 13, 1999, signed a document entitled "Release of All Claims" acknowledging receipt of $100,000 in exchange for releasing "all actions, claims and demands whatsoever, that now exist, or may hereafter accrue" against three named parties and their "agents." The Release then continues and releases "any other person, corporation, association or partnership charged with responsibility for injuries to the person and property" of

the plaintiff arising from the accident. Six months later, plaintiff sued the defendant in this case for his injuries arising from the same accident.

We agree with the District Court that the August 13, 1999, release bars this action under Kentucky law. KENTUCKY REVISED STATUTES 411.182(4) and *Richardson v. Eastland, Inc.*, 660 S.W.2d 7, 9 (Ky. 1983), make it clear that when such a release bars actions that may "now exist" or "hereafter accrue" against named parties and "any other person ... charged with responsibility" for the injury, the release is not limited to the named parties. The parties have waived oral argument, and we find no basis for reversing the District Court based on the record presented and the briefs of the parties.

Accordingly, the judgment of the District Court is affirmed.