Chasity Michelle O'BANNON, individually; and as administratrix of the estate of Roy Ray O'Bannon; and as mother and next friend of Mackenzie Paige O'Bannon; Kaleigh Anne O'Bannon; and Hayden Drake O'Bannon, Appellants,

v.

Billy R. ALLEN, M.D., Appellee.

No. 2010–CA–000695–MR.

Court of Appeals of Kentucky.

April 1, 2011.

Christopher B. Oglesby, Madisonville, KY, for appellants.

David F. Broderick, J. Kyle Roby, Bowling Green, KY, for appellee.

Before CLAYTON and KELLER, Judges; ISAAC,[1] Senior Judge.

## OPINION

KELLER, Judge:

Chasity Michelle O'Bannon, individually and as administratrix of the estate of Roy Ray O'Bannon, and as mother and next friend of Mackenzie Paige, Kaleigh Anne, and Hayden Drake O'Bannon (hereinafter referred to collectively as the "O'Bannons," and individually by their first names), appeals from the circuit court's order dismissing a wrongful death action against Dr. Billy R. Allen (Dr. Allen). On appeal, the O'Bannons argue that the trial court incorrectly determined that Muhlenberg County was not the proper venue for their claim. Having reviewed the record and the arguments of counsel, we affirm.

## FACTS

The trial court dismissed the O'Bannons' claim before these parties could conduct any significant discovery. However, from the O'Bannons' complaint, the limited discovery that was conducted by the O'Bannons and Dr. Allen's codefendant, and the parties' briefs, we have gleaned the following facts. For the purposes of this appeal, we accept these facts as true.

Roy and Chasity were married and had three children: Mackenzie, Kaleigh, and Hayden. Roy sought treatment with Dr. Allen at his office in Ohio County on November 28, 2008, and received prescrip-

1. Senior Judge Sheila R. Isaac sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute(s)(KRS) 21.580.

tions for Lortab and Xanax. On January 27, 2009, Roy died at the family's home in Muhlenberg County from an overdose of those medications.

On January 2, 2010, the O'Bannons filed a complaint in Muhlenberg County alleging that Dr. Allen was twice notified that Roy was abusing his medications, and that Dr. Allen "negligently and wrongfully failed to" determine if that was true and failed to stop Roy from refilling the prescriptions, leading to Roy's death.[2]

On February 17, 2010, Dr. Allen filed a motion to dismiss the O'Bannons' complaint, arguing that Ohio County was the proper venue for this action, not Muhlenberg County. The trial court granted Dr. Allen's motion. In doing so, the court found that the proper venue for this matter was "in the county in which the defendant resides, or in which the injury [was] done." Kentucky Revised Statute(s)(KRS) 452.460(1). The court then determined that the injury complained of "occurred as a result of allegedly negligent medical services that could only have been provided in Ohio County." The O'Bannons appeal from this dismissal.

## STANDARD OF REVIEW

The facts necessary to determine proper venue are not in dispute on appeal. What is in dispute is the interpretation of KRS 452.460(1), which is a question of law. Therefore, we review this matter *de novo*. *Floyd County Board of Education v. Ratliff*, 955 S.W.2d 921 (Ky.1997).

## ANALYSIS

■ KRS 452.460(1) provides that the proper venue "for an injury to the person or property of the plaintiff ... [is] the county in which the defendant resides, or in which the injury is done." Because Dr. Allen neither resides nor practices medicine in Muhlenberg County, the question before us is where the injury to the plaintiff was "done" or occurred. Dr. Allen argues that, if an injury occurred, it occurred when he prescribed the medications to Roy and/or when he failed to act when notified of Roy's alleged abuse of those medications, both of which took place in Ohio County. On the other hand, the O'Bannons argue that, because they, not Roy, are the plaintiffs, the injury occurred when Roy died, which happened in Muhlenberg County.

There are no cases directly on point. The O'Bannons rely, in part, on *Blankenship v. Watson*, 672 S.W.2d 941 (Ky.App. 1984) (*overruled on other grounds*), arguing that this Court held that a party to a wrongful death action could bring the action where the defendant resided or where the death occurred. However, we agree with Dr. Allen that *Blankenship* does not stand for that proposition. In *Blankenship*, a 17–year–old farm laborer died when a truck he was driving ran off the road in Webster County. His parents, the Blankenships, brought a wrongful death action against their son's employer in Webster County, seeking damages for their son's pain and suffering, destruction of his earning power, and loss of affection and companionship. The employer, the Watsons, filed a motion for change of venue, arguing that it would be more convenient for the parties, the witnesses, and counsel to litigate the case in Caldwell County. Over the objection of the Blankenships, the Webster County court granted the motion and transferred the case to Caldwell County.

---

**2.** Chasity also alleged negligence on the part of the pharmacist who filled Roy's prescriptions. The pharmacist is not a party to this appeal; therefore, those allegations of negligence are not relevant herein.

On appeal, the Blankenships argued that the Webster County court erred when it transferred the case to Caldwell County. This Court agreed with the Blankenships, holding that venue is a creature of statute and, since the Watsons had not met the statutory requirements to force a change of venue, the Webster County court's action was "void *ab initio.*" *Id.* at 944. Thus, this Court remanded the case to the Caldwell County court with instructions to transfer it back to Webster County. *Id.* The O'Bannons argue that this Court did so "based on the fact that [the Blankenship's] case was essentially a wrongful death action which could not have accrued until after decedent's death and seemed to be supported by the clear language of KRS 452.460(1)."

The O'Bannons' argument is flawed for two reasons. First, the issue before this Court in *Blankenship* was not whether venue was properly in Caldwell or Webster Counties. The issue was whether the Webster County Circuit Court had the authority to order a change of venue absent agreement of the parties. Second, this Court did not state that venue properly lies in the county of death in a wrongful death case. This Court stated that venue properly lies in the county where the injury occurred.

We find *Copass v. Monroe County Medical Foundation, Inc.,* 900 S.W.2d 617 (Ky. App.1995), to be more to the point. In *Copass,* Duane Copass and his wife filed a medical malpractice action in Jefferson County seeking damages related to Mr. Copass's spinal surgery. The Copasses alleged that the negligence of the surgeon, the hospital, the physician who provided post-surgery follow-up care, and the medical center where Mr. Copass received that care lead to his development of a blood clot and subsequent paralysis.

The surgeon and the hospital where the surgery took place were in Jefferson County. The physician and the medical center where Mr. Copass received follow-up care were in Monroe County. The Monroe County physician and medical center moved for dismissal based on improper venue, a motion the trial court granted.

On appeal, the Copasses argued that the venue statute and the comparative negligence statute were at odds and asked the court to reconcile them. This Court noted that the comparative negligence statute favors bringing all potentially responsible parties before the same jury, so that liability could be apportioned. However, the venue statute may prevent that joinder of parties. The Copasses asked this Court to interpret the venue statute as permitting a plaintiff to bring an action arising from the same set of facts against defendants from different counties in one place. This Court declined to do so.

At the outset of its analysis, this Court noted that "venue is purely a legislative matter, and the judiciary may not rewrite the statutes." *Id.* at 619. This Court then noted that, while the comparative negligence statute favored the bringing of related claims in one action, it did not abrogate the venue statute. This Court recognized that the Copasses might have difficulty sorting out liability between and among the defendants; however, that difficulty "is not enough to disregard our venue statutes." *Id.* at 620. Therefore, this Court concluded that the trial court properly dismissed the Monroe County defendants from the Copasses' Jefferson County action.

▆▆▆ We agree with the O'Bannons that *Copass* differs from their claim because there was no death in *Copass.* We also agree with the O'Bannons that they are the plaintiffs and we must look to their injury. However, we disagree that Roy's

# 666

death was the injury referred to in KRS 452.160(1). The preceding statutory provision describes venue as being where "the injury is done," not where the damage is suffered. Furthermore, as set forth in KRS 411.130, "Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it." Thus, the entitlement to bring an action for wrongful death arises from the negligence or wrongful act of another inflicted on the decedent, not on the negligence or wrongful act inflicted on the estate or survivors of that decedent. Negligence occurs when a duty arises and is breached. Herein, Dr. Allen's duty arose when Roy sought treatment in Ohio County. Any breach of that duty also occurred in Ohio County, when Dr. Allen treated Roy and/or failed to act when advised of Roy's alleged misuse of the prescribed medications. Therefore, the injury was "done" in Ohio County, not in Muhlenberg County, and Ohio County was the appropriate venue for the O'Bannons' claims against Dr. Allen.

## CONCLUSION

As did the *Copass* court, we recognize the difficulties the venue statute sometimes causes litigants. However, because venue is a creature of statute, relief from those difficulties lies with the legislature, not the courts. Therefore, we must affirm.

ALL CONCUR.