**Carl B. KINGINS, as Administrator of the Estate of Valeria Byrd, Deceased, Appellant,**

v.

**Buford HURT, as Administrator of the Estate of Willard Byrd, Deceased, Appellee.**

Court of Appeals of Kentucky.

March 24, 1961.

Nat Ryan Hughes, Murray, for appellant.

George E. Overbey, Murray, for appellee.

PALMORE, Judge.

Willard Byrd and his wife, Valeria, were fatally injured on October 21, 1957, when an automobile driven by him and in which she was riding as a passenger collided with a railroad locomotive. On August 26, 1958, the administrator of Valeria Byrd's estate accepted $1,000 from the railroad company and executed a release as follows:

"Louisville & Nashville Railroad Company

"No.——————

"To – – – Carl B. Kingins, admr. of the Estate of Valeria Byrd, Deceased, and Nat Ryan Hughes, Attorney.

"Address Murray, Kentucky    Paid by Draft No. 100232

"Received of the Louisville & Nashville Railroad Company and ————

One Thousand and no/100—Dollars, ($1,000.00) in full compromise, settlement, discharge and satisfaction of all claims, demands, or causes of action of every character whatsoever, which I or the estate of Valeria Byrd deceased, have or has as a result of injuries to and loss of life and damage to the property of said Valeria Byrd deceased, who was fatally injured at or near

Murray, Kentucky on the 18th day of October 1957, when automobile in which she was riding was in collision with a freight train on Highway 94 or Main Street crossing.

"Witness my hand at Murray, Kentucky this 26th day of Aug. 1958.

"(s) Carl B. Kingins
"Administrator of the estate of
Valeria Byrd
Deceased
"Witness
"(s) Nat Ryan Hughes
"(s) Chris. Hauff"

On September 16, 1958, this action for wrongful death was brought by Valeria Byrd's administrator against the personal representative of Willard Byrd's estate. The foregoing release was pleaded in defense, on the familiar ground that the release of one joint tortfeasor surrenders the cause of action against all, and defendant moved to dismiss the complaint. Plaintiff then tendered an amended complaint stating that the railroad company was not in fact a tortfeasor, joint, concurring or otherwise, that the $1,000 was not received in full satisfaction of the cause of action, and that the intent and purport of the release was limited to the railroad company. The court entered judgment dismissing the complaint, in effect overruling plaintiff's motion for leave to file the tendered amendment.

It is contended by the appellant, and in previous opinions of this court there is terminology from which it might be inferred, that one who has executed a release in favor of one or more joint or concurring tortfeasors may show that its real purpose and intent was to effect a partial satisfaction only. See, for example, Louisville Gas & Electric Co. v. Beaucond, 1920, 188 Ky. 725, 224 S.W. 179, 187; Daniel v. Turner, Ky.1959, 320 S.W.2d 135, 138. The Restatement of Torts, § 885(1), provides that the release of one joint tortfeasor discharges all unless it is otherwise stated in the agreement. Prosser criticizes the latter requirement as "unfortunate." Prosser on Torts, p. 246. We are of the opinion, however, that so long as we are committed to the basic rule itself, that the release of one releases all, the written instrument should be construed to mean what it says, and unless on its face it can fairly be interpreted as reserving the claimant's rights against other tortfeasors it will be treated as an unconditional release. The release in question contains nothing to indicate an intended reservation.

Whether the railroad company was in fact a tortfeasor makes no difference, since it was treated as such by the appellant for purposes of the settlement and release.

Judgment affirmed.