Bradley GIBSON, Appellant,

v.

Ronald Wayne DUPIN et al., Appellee.

Court of Appeals of Kentucky.

Jan. 24, 1964.

Rehearing Denied May 1, 1964.

Hatcher & Lewis, Elizabethtown, for appellant.

William A. Miller, Miller & Howard, Louisville, for appellee.

JOHN J. WINN, Special Commissioner.

This suit was brought by Bradley Gibson against Ronald Wayne Dupin and McKinley Dupin seeking recovery for personal injuries and damage to his automobile incurred in a collision between it and an automobile owned by McKinley Dupin and operated by his son Ronald Wayne Dupin, then eighteen years of age.

Prior to the filing of his suit and in order to avoid the other requirements of the Financial Responsibility Law Gibson went to McKinley Dupin and secured from him the release provided for in KRS 187.-340(4). At the same time and at the bottom of the same form he signed what was designated "acceptance" in the following language:

"I accept the foregoing release and acknowledge that I have no claim of action for damages against the said McKinley Dupin resulting from said accident."

On defendants' motion for judgment on the pleadings, tantamount to a motion for summary judgment, the circuit court entered an order dismissing the complaint.

To reverse this final judgment appellant urges three propositions, none of which in our opinion is valid.

1. He was permitted to file his affidavit alleging that he did not intend to release the defendants or either of them and that the quoted instrument was insufficient to do so; that he was ignorant of the law and did not then know that the father was liable for the son's negligence. It is fundamental that a party is bound by his own contract and ignorance of its import is no defense in the absence of fraud. Clark v. Brewer, Ky., 329 S.W.2d 384. Though expressed in terms of a mere acknowledgment, the disclaimer at the foot of the release form must be presumed to have had a purpose more significant than its possible use in evidence as an admission against interest. It is our opinion that when it was signed as part of the same transaction in which McKinley Dupin signed the release above it, the whole document had the legal effect of a mutual release.

2. He further contends that the son, who was not named in the release or acceptance, could not have been thereby released. It was alleged that the use of the Dupin automobile came under the family purpose doctrine. The release of one joint tortfeasor without specific reservation is the release of all. Kingins v. Hurt, Ky., 344 S.W.2d 811. This principle is generally held applicable to the joint liability of master and servant. 45 Am.Jur. 700 (Release, § 35). By analogy, we hold that it applies to parties whose joint liability rests on the family purpose doctrine.

3. Lastly he claims that the release and acceptance is rendered inadmissible for any purpose by KRS 187.390. The text of this section refers exclusively to the report required by KRS 187.320, the action taken by the Department of Revenue pursuant to KRS 187.320 to 187.390, the departmental findings on which such action is based, and the security filed as provided in these sections. A release filed pursuant to KRS 187.340(4) does not fall into any of these categories.

The plaintiff (appellant) for the valuable consideration of his own release had, in writing before suit, released the defendants for liability. The trial court so held and the judgment should be affirmed.

The opinion is approved by the court and the judgment is affirmed.