Anne B. BIVEN, Administratrix of the Estate of James Phillip Biven, Deceased, and Anne B. Biven, Individually, Appellant,

v.

CHARLIE'S HOBBY SHOP and EIG Corporation, Appellees.

Court of Appeals of Kentucky.

June 29, 1973.

Rehearing Denied Nov. 23, 1973.

H. Solomon Horen, Louisville, for appellant.

Philip L. Haller, Kenneth H. Anderson, Louisville, for appellees.

CATINNA, Commissioner.

This is an appeal from a summary judgment of the Jefferson Circuit Court, Common Pleas Branch, First Division, dismissing the complaint of Anne B. Biven, individually, and as administratrix of the estate of James Phillip Biven, deceased, against EIG Corporation.

On June 26, 1968, James Phillip Biven, a minor, was accidentally shot and killed by

Jeffrey Davis, the minor son of Charles S. and Dorothy B. Davis. Anne B. Biven qualified as administratrix of the estate of James Phillip, and in such capacity filed an action against Jeffrey Davis and his parents seeking damages in the sum of $25,000 because of their negligent acts which resulted in the death of James Phillip. By a "first amended complaint," damages were increased to $50,000. By an intervening complaint, Mrs. Biven, as mother and sole surviving heir of James Phillip, sought recovery in the amount of $27,000.

On March 20, 1969, Aetna Casualty & Surety Company, the insurance carrier of Charles S. and Dorothy B. Davis, entered into an agreement with Mrs. Biven by which it purported to loan her $20,000 in consideration of her releasing Charles S., Dorothy B., Jeffrey, and Danny Davis from any and all further liability arising out of the accidental death of James Phillip.

The "Loan Receipt" executed by the insurance company and Mrs. Biven reads in part as follows:

"Received from The Aetna Casualty and Surety Company, for and on behalf of Charles S. Davis, Dorothy B. Davis, Jeffrey Davis and Danny D. Davis, the sum of $20,000.00, as a loan, and in full consideration for all claims which the undersigned may have against Charles S. Davis, Dorothy B. Davis, Jeffrey Davis and Danny Davis, * * *. This loan, without interest, is repayable only in the event and to the extent of any net recovery the undersigned may make from any person, persons, corporation, corporations or other parties causing or liable for the accident aforesaid and as security for such repayment the undersigned hereby pledges to The Aetna Casualty and Surety Company all her claim or claims against said person, persons, corporation, corporations or other parties to the extent necessary to repay such loan."

On April 9, 1969, the following order was entered in the pending action:

"By agreement of the parties hereto, in person and by counsel it is

ORDERED, ADJUDGED AND DECREED that the above-styled action be and the same is hereby dismissed, settled with prejudice, at the cost of the defendants."

On June 25, 1969, Anne B. Biven, as administratrix and individually, filed an action against Charles Strack, d/b/a Charlie's Hobby Shop, and EIG Corporation, alleging that Charlie's Hobby Shop sold to Davis a defective pistol manufactured by EIG and that the negligence of each of them, as set out, contributed to the death of her son James. The claim sought damages for her as administratrix in the amount of $150,000 and, individually, in the amount of $50,000. Responsive pleadings were filed and interrogatories taken.

EIG filed a certified copy of the order of dismissal in the action of Mrs. Biven against Davis and filed its motion for a summary judgment upon the ground that the order was a bar to the action filed by Mrs. Biven against EIG, an alleged joint tort-feasor. Mrs. Biven asserted that the loan receipt constituted a release only as to the Davises and reserved any claims which she might have had against other tort-feasors including EIG. The circuit court, in dismissing the action against EIG, held that the prior order of dismissal constituted a complete release.

EIG argues that the loan receipt is nothing more than the sale of a tort claim to the insurance carrier, and as such sale is prohibited in Kentucky, the receipt in itself is void and of no effect. We do not construe the loan receipt to be a sale of a tort claim, but rather a partial release of such claim. This court in upholding the validity of the loan receipt has recognized that the difference between this type loan and an absolute payment is mere fiction. Aetna Freight Lines v. R. C. Tway Coal Company, Ky., 298 S.W.2d 293 (1956). We have further said that the intention of the par-

ties to the loan agreement determines whether the transaction is a loan or payment. State Farm Mutual Automobile Ins. Company v. Hall, 292 Ky. 22, 165 S.W.2d 838 (1942); Aetna Freight Lines v. R. C. Tway Coal Company, Ky., 298 S.W.2d 293 (1956); and Ratcliff v. Smith, Ky., 298 S. W.2d 18 (1957). In all cases where this court has considered the validity of the loan receipt, there was in existence at the time of its execution a contractual obligation to pay between the insurer who advanced the funds and the insured who was the recipient. In the case before us, there was absolutely no contractual relationship between the insurer and Mrs. Biven.

■ It seems quite obvious to us that this is not a situation where the company is making a so-called loan to an insured to pay damages for which the company might ultimately become liable, but rather is a direct payment from the insurer to the injured party. There is no possible way to consider this instrument as representing a loan but rather the intention of the parties clearly indicates that it is a release acknowledging the payment of a consideration for which the Davises were released from all liability. We, therefore, hold that the loan receipt constitutes nothing other than a release and it was valid for such purpose.

There remains one final question in regard to this "loan receipt," and that is whether or not it constituted a release of all the alleged joint tort-feasors or was partial and applied only to those named in the instrument. This court has consistently held that an unequivocal release of one joint tort-feasor releases all.

In discussing the legal effect of such release, we said in Commonwealth, Department of Highways v. Cardwell, Ky., 409 S.W.2d 304 (1966):

"The question was laid to rest in Kingins v. Hurt, Ky., 344 S.W.2d 811, decided March 24, 1961. The principle enunciated in Kingins was followed in Gibson v. Dupin, Ky., 377 S.W.2d 585. The clear teaching of those decisions is that the release of one joint or concurring tortfeasor serves to release them all, and the instrument of release should be construed to mean what it says, and '* * * unless on its face it can fairly be interpreted as reserving the claimant's rights against other tortfeasors it will be treated as an unconditional release.' Kingins v. Hurt, Ky., 344 S.W.2d at 812."

■ The loan receipt executed by Mrs. Biven clearly indicates upon its face that she was reserving any right she might have as against other possible joint tortfeasors. If this were not true, then that portion of the receipt reading "This loan, without interest, is repayable only in the event and to the extent of any net recovery the undersigned may make from any person, persons, corporation, corporations or other parties causing or liable for the accident aforesaid and as security for such repayment the undersigned hereby pledges to The Aetna Casualty and Surety Company all her claim or claims against said person, persons, corporation, corporations or other parties to the extent necessary to repay such loan" could have no legal effect and would be nothing more than surplusage in the instrument. Further, the recipients of the release are each specifically named in the loan receipt and it at no point contains the broad language found in so many releases to the effect that named tort-feasors, together with any and all other persons, etc., are released.

We are of the opinion that the loan receipt constitutes a release by the terms of which Charles S. Davis, Dorothy B. Davis, Jeffrey Davis, and Danny Davis are released from any and all liability by reason of the accidental death of James Phillip Biven, while there is reserved Mrs. Biven's rights against any and all other probable or possible joint tort-feasors.

The order of dismissal entered in the action of Mrs. Biven against Davis does not

change the terms of the loan receipt "release" as it could not be construed to include those who were not parties to the action. Cf. Burgess v. Consider H. Willett Company, 311 Ky. 745, 225 S.W.2d 315 (1949).

The judgment is reversed for proceedings consistent with the opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD, and STEPHENSON, JJ., sitting.

All concur except OSBORNE, J., who concurs in result only.