**Bill SANDERSON et al., Appellants,**

v.

**Vernon Kelly HUGHES, Appellee.**

**No. 74–674.**

Court of Appeals of Kentucky.

June 27, 1975.

Steven L. West, Hubbard, Null & West, Mayfield, for appellants.

James B. Brien, Jr., Neely, Reed & Brien, Mayfield, for appellee.

VANCE, Commissioner.

The appellants executed a release whereby Jesse Ray Council and the Ellis Trucking Company were released from all claims, demands, actions and causes of action growing out of bodily injuries and property damages resulting from a motor-vehicle accident. The release did not expressly reserve any right as to other possible tort-feasors. The release did not contain the broad language found in many such instruments which expressly releases the named tort-feasors, *together with any and all other persons,* from liability. The release contained a statement that it was in full and complete settlement of *a* liability claimed and denied for the purpose of avoiding litigation.

Subsequently the appellants instituted this action against the appellee for damages which arose out of the same motor-vehicle accident. The appellee's answer set out the release to Council and the Ellis Trucking Company as a bar to the action, and appellee filed a motion for summary judgment which was sustained.

■ Appellants concede the general rule of law in Kentucky that a release of one joint or concurring tort-feasor serves to release them all unless on its face it can be fairly interpreted as reserving the claimant's rights against other tort-feasors. *Kingins v. Hurt,* Ky., 344 S.W.2d 811 (1961).

It is contended however that *Biven v. Charlie's Hobby Shop,* Ky., 500 S.W.2d 597 (1973), modified the rule announced in *Kingins v. Hurt, supra.*

*Biven* involved the settlement of a claim by means of the execution of a loan receipt which provided that the loan was repayable to the insurer only to the extent and in the event that the claimant should make a recovery from other persons causing or liable for the accident. We held that this instrument clearly, on its face, envisioned proceedings against other tort-feasors and reserved the right to do so.

*Biven* also contained this language:

" * * * Further, the recipients of the release are each specifically named in the loan receipt and it at no point contains the broad language found in so many releases to the effect that named tort-feasors, together with any and all other persons, etc., are released."

The language above quoted was used in *Biven* as an additional factor to support the conclusion previously reached in the opinion that the release in question in that case preserved the claimant's right against the other tort-feasors, and it is not authority for the position contended by the appellants that the absence of the broad language is evidence by implication of a reservation of rights. We do not consider the statement in the release that it is a settlement of *a* claim as opposed to *all* claims to reserve by implication the rights of claimants to proceed against other tort-feasors.

It is true, as appellants claim, that the release herein does not expressly release all other claims, but there is nothing contained in the instrument which can reasonably be interpreted to preserve a right of action against other tort-feasors.

The judgment is affirmed.

All concur except REED, C. J., who dissents.

REED, Chief Justice (dissenting).

The majority opinion follows the present rule in Kentucky as it was evolved and stated in *Kingins v. Hurt*, Ky., 344 S.W.2d 811 (1961). I would prospectively change the rule announced in that case for two reasons: First, the result obtained by application of the rule is questionable, and, second, subsequent decisions concerning the relationship of joint tort-feasors have thrown the result more out of harmony in that area of tort law.

Where concurrent wrongdoers have caused the same loss and are regarded as "joint tort-feasors" for the sole reason that they can be joined, to regard the release of one for less than full satisfaction of the damage caused, to also release the other is harsh in the light of current realities. This rule compels the plaintiff either to forego any opportunity of obtaining what he can get from one defendant without suit or give up his entire claim against the other without full compensation. The fear of double recovery is meaningless since the amount paid under the release must be credited to the second tort-feasor in any case. The argument that the plaintiff should not be permitted to make piecemeal collections from different defendants is pointless when he is allowed to do precisely that after judgment. The Kingins rule has the virtue of eliminating swearing matches concerning what was understood in the face of a writing. Releases, however, are usually signed by plaintiffs ignorant of the law and without legal advice. See Prosser, Handbook of the Law of Torts, Sec. 49, 301–305.

*Orr v. Coleman*, Ky., 455 S.W.2d 59 (1970), as explicated in *Cox v. Cooper*, Ky., 510 S.W.2d 530 (1974), wherein the question of the settling joint tort-feasor was considered in the aspect of a trial concerning the liability of the nonsettling tort-feasor, appears to me to confirm the dubious status of the Kingins rule. Since it is a rule of contract, I would be willing to hold prospectively that henceforth, where the release contains no mention of the effect on the liability of another wrongdoer, such nonmentioned wrongdoer should have the burden of showing that the amount paid for the release constituted satisfaction of the plaintiff's damage before he would be deemed protected by the instrument of release.