Edward BEECH, Jr., Appellant,

v.

DEERE & COMPANY, and Interstate Machinery Company, Appellees.

Court of Appeals of Kentucky.

March 20, 1981.

D. Arthur Rabourn, Stanley M. Chesley, Waite, Schneider, Bayless & Chesley, Cincinnati, Ohio, Robert N. Trainor, Covington, for appellant.

James E. Thompson, Burnam & Thompson, P. S. C., Richmond, Rodney S. Bryson, Ware, Bryson, West, Hiltz & Bartlett, Covington, for appellees.

Before McDONALD, REYNOLDS and WINTERSHEIMER, JJ.

McDONALD, Judge:

The question in this appeal is whether the appellant-plaintiff's voluntary dismissal of several defendants, allegedly joint tortfeasors, operates as a release of the remaining defendants.

The appellant-plaintiff, Edward Beech, Jr., was injured in an accident of a freakish nature, either where a tire had blown out or where the scraper he was operating slipped in loose dirt; regardless, an overturn occurred inflicting serious injuries.

Beech filed suit and alleged as follows:

(1) Against Deere and Company for defectively designing and manufacturing the scraper;

(2) against Goodyear Tire and Rubber Company for defectively manufacturing the tire;

(3) against Interstate Machinery Company for leasing a defective scraper;

(4) against Roberts and Hudson Company for defectively repairing the tire; and

(5) against F & H Construction Company, Robert D. Flege and James J. Hale, its officers, for defectively maintaining and servicing the equipment.

All of the defendants filed answers and cross-claims against one another.

On October 16, 1979, the trial court, without notice or motion, entered the following:

AGREED ENTRY OF DISMISSAL

The Court being sufficiently advised and the Plaintiff having indicated his agreement by the signatures entered below; IT IS HEREBY ORDERED AND ADJUDGED that the Defendant, F&H Construction Company, Robert D. Flege and James J. Hale, be and they are hereby dismissed as party defendants to this action with prejudice.

(signed)
SAM NEACE
JUDGE

(signed)
EDWARD BEECH, JR.

(signed)
STANLEY M. CHESLEY
Attorney for Plaintiff

(signed)
WM. T. ROBINSON III
Attorney for F&H Construction Co.

The remaining defendants who are appellees here were unaware of this dismissal because it was not done upon notice or motion, nor were they consulted concerning it, nor did they sign it.

Appellees-defendants, Deere & Company and Interstate Machinery Company, moved the trial court for summary judgment on the basis that the appellant's voluntary dismissal of the defendants, F&H Construction Company, Robert D. Flege, and James J. Hale, was a release of the remaining defendants because the release of one joint

tortfeasor releases all tortfeasors unless there is a reservation of the claims against the remaining tortfeasors. The trial court accepted this argument and dismissed the appellant-plaintiff's complaint against the remaining appellee-defendants.

The appellant contends that the dismissed defendants were dismissed pursuant to CR 41.01(1) because pretrial discovery revealed that the dismissed defendants (appellant's employers) could not be held responsible in common law because of their compliance with the Workmen's Compensation Act. It was argued, but the record does not reveal it, that no written release was signed by the appellant and the dismissed defendants nor was there any consideration passing from the dismissed defendants to the appellant. The appellees argued, but it is not in the record, that there was an agreement to dismiss a counterclaim by the dismissed defendants against the appellant.

The applicable portions of CR 41.01 are as follows:

Voluntary Dismissals; Effect Thereof

(1) By Plaintiff; by Stipulation .... an action, or any claim therein, may be dismissed by the plaintiff without order of court, by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or by filing a stipulation of dismissal signed by all parties who have appeared in the action.

There are two methods under this rule whereby the plaintiff may achieve unilateral voluntary dismissal without the consent of the court. However, there are conditions.

The first method is by *notice* prior to the adverse party serving an answer or motion for summary judgment, whichever first occurs. Also, CR 5, Service and Filing of Pleadings and Other Papers, must be complied with. This method is not applicable in this case because the adverse parties filed answers.

The second method under this rule is by stipulation. Voluntary dismissal by stipulation curbs the plaintiff in his unilateral act

of dismissal by requiring all parties who have appeared to sign. The notice requirement is satisfied by requiring the signatures. Therefore, if this portion of the rule is relied upon in this case, it failed because of the lack of signatures of all of the parties.

■ During oral argument, appellees' counsel urged that the dismissal fell within CR 41.01(2) which states,

By Order of Court. Except as provided in paragraph (1) of this rule, an action, or any claim therein, shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

We disagree. Section (2) of CR 41.01 is activated only if the voluntary dismissal cannot be effectuated under section (1). Section (2) of the rule carries with it the discretion of the court and it plainly states, "... upon such terms and conditions as the court deems proper."

■ There is no question that the trial court signed the dismissal but we do not believe the court's signature effectuated a dismissal under this rule. We cite 7 W. Clay, *Kentucky Practice*, CR 41.01(2), (3rd ed. 1974) concerning a voluntary dismissal by order of court and we quote, "This would require the service of a written motion and notice, unless the motion was made at a trial or hearing." Also, in order to be procedurally correct, CR 5 and CR 7.02 would have to be followed which was not done in this case.

We conclude that the dismissal was not procedurally correct and therefore was ineffective because of the failure to comply with CR 41.01(1) or CR 41.01(2).

Next, we consider whether the voluntary dismissal, although procedurally ineffective, was substantively a release, and if so, did it release the remaining defendants/appellees.

■ A "release" is defined in 66 Am. Jur.2d, *Release*, § 1, as the giving up or abandoning of a claim or right to the person against whom the claim exists or the right is to be enforced or exercised. Ordinarily,

we think of a release as being a contract. However, this is not necessarily so. There is no question that Kentucky, although with the minority, adheres to the principle that the release of one joint tortfeasor releases all, provided there is no agreement to reserve the claimant's rights against the others. *See Kingins v. Hurt*, Ky., 344 S.W.2d 811 (1961); *Gibson v. Dupin*, Ky., 377 S.W.2d 585 (1964); *Commonwealth, Department of Highways v. Cardwell*, Ky., 409 S.W.2d 304 (1966); and *O'Bryan v. Peterson*, Ky.App., 563 S.W.2d 732 (1977, Discretionary Review Denied April 25, 1978). We must be mindful of the fact that in the cases cited a separate and distinct instrument was entered into between the claimant and the released tortfeasor coupled with consideration for the release passing to the claimant. The basis for the rule has its origin in the idea of unity of injury. So with unity of injury there must be unity of consideration or compensation. This fosters a prohibition against the injured person from settling with one tortfeasor without the others. If the injured person settles with one and not the others, then the remaining tortfeasors are automatically discharged. The law has advanced to the point where you may settle with one of the tortfeasors provided a reservation of right remains in the release instrument against the non-settling tortfeasors. Further, the cases relied upon discuss the intent of the parties as in *Kingins, supra*, where it says,

> We are of the opinion, however, that so long as we are committed to the basic rule itself, that the release of one releases all, the written instrument should be construed to mean what it says, and unless on its face it can fairly be interpreted as reserving the claimant's rights against other tortfeasors it will be treated as an unconditional release. The release in question contains nothing to indicate an intended reservation.

We are of the opinion that the principle of "releasing one tortfeasor releases all" contemplates that the release be one for consideration. The very purpose of the rule was to avoid an unjust enrichment or a double recovery. In this case the voluntary dismissal of the three defendants was allegedly without consideration, on the grounds that the three released defendants had no liability in law or fact. Appellant's voluntary dismissal admittedly may be construed as a release. But since the result would be very harsh on the appellant and would in effect put him out of the case without any hope of compensation we will strictly construe the authorities cited. We declare that the voluntary dismissal was not a release as contemplated by the previous authorities.

Lastly, the appellees contend that if their arguments are not accepted on the release theory, they were entitled to summary judgment as a matter of law on the facts of the case. Not so. The summary judgment, if entered on the facts of the case, was premature under the authority of *Robertson v. Lampton*, Ky., 516 S.W.2d 838 (1974); and *Bowlin v. Thomas*, Ky.App., 548 S.W.2d 515 (1977).

The judgment of the trial court is hereby reversed with directions to determine whether consideration passed to the appellant for the release.

All concur.