Clyde P. LUTTRELL, et al., Plaintiffs,

v.

COOPER INDUSTRIES, INC., et al., Defendants.

No. Civ.A. 97–575.

United States District Court, E.D. Kentucky, London Division.

Oct. 27, 1998.

Charles L. Cunningham, Jr., Louisville, KY, Donna Keene Holt, Knoxville, TN, for Plaintiffs.

Harry K. Herren, Woodward, Hobson & Fulton, Louisville, KY, Clifford J. Zatz, Akin, Gump, Strauss, Hauer & Feld, Washington, DC, Jill F. Lowenbraun, Woodward, Hobson & Fulton, Louisville, KY, John A. Berger, Amy Tieman Potter, Busald, Funk & Zevely PSC, Florence, KY, for Defendants.

## ORDER

COFFMAN, District Judge.

This matter is before the court upon motion by the defendants, Cooper Industries, McGraw–Edison Co., and American Laundry Machinery, Inc., for summary judgment. The defendants argue that a general release executed by the parties settling a previous suit bars the plaintiffs from bringing this action. The court, having heard the arguments of counsel and being otherwise sufficiently advised, will grant the defendants' motion.

### Summary of the Facts

The parties to this case executed a release on November 25, 1995 resolving a lawsuit over the disposal of chemicals by the defendants on the plaintiffs' farm. The applicable portions of the release read:

> [The plaintiffs] fully and finally release and discharge the [defendants] from any and all claims and demands, rights and causes of action of *every type or kind, known and unknown,* which the undersigned had, have now, or *may have in the future* ... or may have or claim to have as a result of or arising out of the alleged dumping and disposal of waste products.... *This includes, but not by way of limitation, dismissal of all claims for ... personal injury ... and all other environmentally related claims which were raised or asserted or could have been raised or asserted in the ... Civil Action No. 89–155* ... [The plaintiffs] acknowledge and agree that this Release shall apply to, and constitute full satisfaction of, any and all known, *unknown and unanticipated injuries and damages arising out of or related to the subject matter of the above styled action.* (emphasis added)

In November of 1996, Virginia Luttrell was diagnosed with cancer, and the plaintiffs filed a second personal injury suit against the defendants.

In the prior suit, the plaintiffs alleged that they "may have suffered physical injury and therefore have an increased risk of future complications or harm" due to the defendants' conduct. The plaintiffs offered evidence that they suffered cellular damage that had yet to be manifested as physical injuries. The district court dismissed the plaintiffs' claims for increased risk of cancer and for medical monitoring because any physical injury had not yet manifested itself and due to a failure to show that any injury had been caused by the defendants' conduct.

When the parties executed the release, the only claims still pending at trial concerned damage to the plaintiffs' property. The trial court had granted the defendants summary judgment on the personal injury issues, although the plaintiffs had not yet pursued an interlocutory appeal. The plaintiffs now argue that during settlement negotiations they intended to limit the scope of the release to include only those property claims. The defendants counter that the release unambiguously encompassed all present and future claims for personal injury and precludes the plaintiffs from pursuing this present action.

*Analysis*

The terms of an unambiguous contract cannot be varied by extrinsic evidence. *O.P. Link Handle Co. v. Wright,* 429 S.W.2d 842 (Ky.1968). Thus, a court may not consider parol evidence when interpreting a contract unless the contract is ambiguous. *Schachner v. Blue Cross and Blue Shield of Ohio,* 77 F.3d 889, 893 (6th Cir.1996). Contract language is not ambiguous unless it is subject to two reasonable interpretations. *Id.* at 893. The ambiguity must be patent and apparent on the face of the contract. *Id.*

The determination that a contract suffers from ambiguity must be based upon the common, plain meaning of the language of the contract. *Kentucky–West Virginia Gas Co. v. Browning* 521 S.W.2d 516 (Ky.1975). A court, however, is not required to read a contract in a vacuum: "A contract is to be construed as a whole so as to ascertain and give effect to the true intent of the parties, and the circumstances under which the contract was executed and the conduct of the parties thereafter can be considered by the Court in determining what their intention was, without it becoming a violation of the parol evidence rule." *Rudd–Melikian, Inc. v. Merritt,* 282 F.2d 924, 928 (6th Cir.1960). Nevertheless, before a court may consider extrinsic evidence of the parties' intent, "it must find an ambiguity on the face of the contract." *Schachner,* 77 F.3d at 893.

Parol evidence consists of evidence of agreements between or the behavior of the parties prior to or contemporaneous with the contract. This includes "evidence of a contemporaneous oral agreement on the same subject matter, verifying, modifying, contradicting or enlarging" a contract. *M.R. Kopmeyer Co. v. Barnes,* 276 S.W.2d 21, 23–24 (Ky.1955). Barring an ambiguity, such evidence cannot be admitted. "If the language is unambiguous, the meaning of the language is a question of law, and the intent of the parties must be discerned from the words used in the instrument."

*Taggart v. U.S.* 880 F.2d 867, 870 (6th Cir.1989).

In this case, the language of the release is not ambiguous. The court will not create an ambiguity where none exists. *See Friction Materials Co., Inc. v. Stinson,* 833 S.W.2d 388 (Ky.Ct.App.1992). The plaintiffs executed the release as part of a bargained-for settlement. At the time of the settlement, the plaintiffs were aware that they were at a heightened risk for cancer; they had brought claims for the increased risk of such an injury. The claims now brought in this suit seem to fall within the general spectrum of the claims contemplated during the earlier suit and released in the settlement.

The release states that it covers all present and future claims, including those for personal injury, arising from the disposal of waste products by the defendants on the plaintiffs' farm. The phrases, "any and all claims ... which the undersigned ... may have in the future ... arising out of the alleged dumping and disposal of waste products," and "this Release shall ... constitute full satisfaction of any and all known, unknown, and unanticipated injuries and damages arising out of or related to the subject matter of the above styled action" could not be made more clear. *See Taggart,* 880 F.2d at 870. The release unequivocally covers the claims brought in the present case. The reading sought by the plaintiffs contradicts the clear meaning of the release and seeks to have the court read key phrases out of context.

As the contract is unambiguous, the parol evidence rule precludes the consideration of evidence regarding oral statements made prior to or contemporaneously with the execution of the release to contradict or alter the express written terms of the release. The plaintiffs now cannot vary the terms of the agreement by arguing that they intended to reserve future personal injury claims or that they relied upon the defendants' assertions regarding such claims. Nowhere in the contract is the retention of the right to bring a per-

sonal injury claim reserved. The release does not exclude from its broad terms, either explicitly or implicitly, the claim which the plaintiffs seek to bring in their present suit. The court must consider the meaning of what the parties said, not what they intended to say. *Central Bank & Trust,* 617 S.W.2d at 33. Therefore, the court holds that the release unambiguously bars the plaintiffs from pursuing this action.

The release of the plaintiffs' future claims for cancer is enforceable. Mrs. Luttrell's personal injury claim for cancer had not accrued at the time of the earlier lawsuit. *See Capital Holding Corp. v. Bailey,* 873 S.W.2d 187 (Ky.1994). A plaintiff, however, may waive a future cause of action, even one yet to accrue, predicated on the tortious conduct of a defendant antecedent to the settlement. In this case, the defendants' allegedly tortious conduct occurred before the parties reached a settlement agreement, and all the parties had knowledge of the nature, scope, and implications of the defendants' relevant conduct. In such circumstances, the waiver of future claims is permitted. *See, e.g. Babbitt v. Norfolk & Western Ry. Co.* 104 F.3d 89 (6th Cir.1997); *Adams v. Philip Morris., Inc.* 67 F.3d 580, 584 (6th Cir.1995); *Rogers v. General Electric Co.,* 781 F.2d 452 (5th Cir.1986). Furthermore, the release was voluntarily and knowingly entered into and signed for valuable consideration. *See Shaheen v. B.F. Goodrich Co.,* 873 F.2d 105, 107 (6th Cir.1989). Therefore, the release is dispositive of the claims brought in the present suit and is a bar to the cause of action. Accordingly,

IT IS ORDERED that the defendants' motion for summary judgment is GRANTED.