Terry FORD, Appellant,

v.

Bill RATLIFF, Individually; Bill Ratliff, d/b/a Ratliff Drilling; and Scottsdale Insurance Company, Appellees.

No. 2004–CA–000022–MR.

Court of Appeals of Kentucky.

Jan. 13, 2006.

---

**40.** *McLain v. Dana Corporation,* 16 S.W.3d 320, 326 (Ky.App.1999).

**41.** *Id.*

Gerald Derossett, Johnny Ray Harris, Prestonsburg, KY, for appellant.

Lee A. Smith, Prestonsburg, KY, for appellee Scottsdale Insurance Company.

Before TAYLOR and VANMETER, Judges; POTTER, Senior Judge.[1]

## OPINION

VANMETER, Judge.

Terry Ford appeals from an order of the Knott Circuit Court dismissing her complaint against Scottsdale Insurance Company. For the following reasons, we affirm.

---

1. Senior Judge John Woods Potter sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Ford filed a complaint against Vernon Smith for damages arising from an August 18, 1998, automobile accident in Hindman, Kentucky, involving a vehicle driven by Smith and owned by his alleged employers, defendants Ward Ratliff, Bill Ratliff, and Ratliff Drilling, collectively referred to as the Ratliffs.[2] Appellee Scottsdale Insurance Company maintained a general liability insurance policy on behalf of Ward and Bill Ratliff.

On March 8, 2002, Ford, Smith, and the Ratliffs entered into a Settlement Agreement and Partial Release which stated, in part, that in consideration of Ford's claims and the payment of $100,000 under an automobile liability policy,

> the receipt of which is hereby acknowledged Ford does release and discharge Releasees, their successors in interest, heirs, assigns, past, present, and future officers, directors, stockholders, attorneys, agents, representatives, employees, administrators and executors from any and all past, present and future claims except to the extent that there is any other insurance coverage applicable to said claims under a certain policy of insurance issued by Scottsdale Insurance Company to Ward Ratliff and Bill Ratliff, d/b/a Ratliff Drilling Company, that being policy of insurance number CLS449942. This Release includes all demands, actions, and claims which Ford may have or which may hereafter accrue against Releasees, arising out of or relating to the automobile accident herein described and which is the subject matter to the above styled action. This Release includes all demands, actions, and claims which Ford may have or which may hereafter accrue, including

without limitation, claims of property damage, personal injury, medical expenses, pain and suffering, disability, loss of earnings, loss of earning capacity, uninsurance coverage, underinsurance coverage, or any other allegation arising out or relating to the motor vehicle accident herein described and which is subject to the above styled civil action, except as hereinabove setforth....

> Notwithstanding any judgment or verdict that may be rendered for Releasor and/or for her heirs, administrators, executors, and successors in interest in the aforementioned civil action, Releasor covenants that she or her successors in interest, heirs, administrators and/or executors shall not levy for execution or otherwise effect collection, or seek to proceed further in the suit against the Releasees, except for enforcement against Scottsdale Insurance Company of any part of any Judgment covered by that policy of Insurance issued by Scottsdale Insurance Company, being policy of insurance number CLS449942. Releasor further agrees not to levy or sue for execution, attachments or other legal remedies against Releasees as a result of any judgment which may be entered against Releasees in the aforementioned civil action except as hereinabove setforth. Releasor agrees to accept the aforementioned sum of One Hundred Thousand ($100,000.00) Dollars in full and complete satisfaction of any judgment which may be entered against said Releasees in the aforementioned civil action or any other civil action or proceeding arising out of the motor vehicle accident which is the subject matter of this litigation, except as hereinabove set forth.[3]

---

2. The proceedings below also involved a third-party complaint against two other drivers on the road at the time of the accident, Andrew Rose and William Frazier; however, those allegations are not relevant to Ford's claims on appeal.

3. Although Ford is the only party who signed the Settlement Agreement and Partial Re-

Subsequently on April 30 an agreed order was entered which stated in full as follows:

> The Plaintiff, Terry Ford, and the Defendants, Vernon Smith, Ward Ratliff, D/B/A Ratliff Drilling, and Bill Ratliff, D/B/A Ratliff Drilling having agreed, and the Court being fully and sufficiently advised;
>
> IT IS HEREBY ORDERED AND ADJUDGED that any and all claims of the Plaintiff, Terry Ford, against the Defendants, Vernon Smith, Ward Ratliff, D/B/A Ratliff Drilling, and Bill Ratliff, D/B/A Ratliff Drilling, be and the same are hereby dismissed with prejudice, as settled.

Thereafter, on July 31, Ford amended her complaint to include a count against Scottsdale. Scottsdale filed a motion to dismiss Ford's amended complaint, arguing that a Kentucky plaintiff must file suit directly against his tortfeasor, not against the tortfeasor's insurance company. After a hearing, the court indicated that it would dismiss Ford's claim against Scottsdale unless Ford could produce the assignment of rights which she claimed she was given as part of the settlement. When Ford was unable to locate the alleged assignment, she moved the court to enforce the settlement agreement and compel Smith and the Ratliffs to execute an assignment. In support thereof, Ford claimed that an assignment of rights was a material part of the settlement agreement, the settlement agreement required Smith and the Ratliffs to execute an assignment, and they had previously executed an assignment which could not be located. Smith and the Ratliffs responded that they had fully complied with the settlement agreement but they had never executed an assignment because it was not part of the settlement agreement. The court ultimately dismissed Ford's claim against Scottsdale on August 19, 2003.

Ford then moved the court to alter, amend or vacate its order of dismissal, alleging that an assignment of rights was a material part of the applicable settlement agreement, that Smith and the Ratliffs had refused to execute a written assignment, and that the court should compel them to do so. The court denied Ford's motion. This appeal followed.

Ford obviously was unable to produce the assignment of rights which she alleged to have been given below. Nevertheless, she maintains on appeal that the circuit court erred in granting Scottsdale's motion to dismiss, because the court should have compelled Smith and the Ratliffs to provide the assignment of rights contemplated by the settlement agreement. We disagree.

■ A settlement agreement is a type of contract which is governed by contract law.[4] Accordingly, we must first determine whether the settlement agreement is ambiguous, or "capable of more than one different, reasonable interpretation."[5] If so,

> then extrinsic evidence may be resorted to in an effort to determine the intention of the parties; if not, then extrinsic evidence may not be resorted to. The criterion in determining the intention of the parties is not what did the parties mean to say, but rather the criterion is

---

lease, defendants Smith and the Ratliffs acknowledged below that they agreed to the document. Moreover, both parties rely on the document in support of their positions on appeal.

**4.** *Frear v. P.T.A. Industries, Inc.,* 103 S.W.3d 99, 105 (Ky.2003).

**5.** *Central Bank & Trust Co. v. Kincaid,* 617 S.W.2d 32, 33 (Ky.1981).

what did the parties mean by what they said.[6]

Additionally, if the language of a contract "is unambiguous, the meaning of the language is a question of law, and the intent of the parties must be discerned from the words used in the instrument." [7] Here, we find that the settlement agreement is unambiguous in that it settles Ford's claims against Smith and the Ratliffs to the extent of any coverage provided under the automobile policy issued by Kentucky Farm Bureau. In Kentucky, "the release of one joint tortfeasor releases all, provided there is no agreement to reserve the claimant's rights against the others." [8] The settlement agreement in the matter now before us reserved Ford's right to pursue a suit against Smith and the Ratliffs to the extent of any coverage provided under the policy issued by Scottsdale.

■ However, after entering into the settlement agreement, the parties also entered into an agreed order which unequivocally dismissed "any and all" of Ford's claims against Smith and the Ratliffs with prejudice. Contrary to direct action jurisdictions,[9] in Kentucky "an injured person cannot sue the insurance company in his original action against the insured." [10] Thus, Ford could not voluntarily dismiss "any and all" of her claims against Smith and the Ratliffs with prejudice and then proceed directly against Scottsdale.

■ Ford contends that "[t]he settlement agreement specifically reserves Ford's rights to go against Scottsdale and requires Ratcliff [sic] to execute necessary paperwork to allow that." Presumably, Ford makes this assertion based on Section Six of the settlement agreement, which provides that "[t]he parties agree to cooperate fully and execute any and all supplemental documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release." We agree that the settlement agreement reserves Ford's claims against Smith and the Ratliffs to the extent of any coverage by the Scottsdale policy. However, we do not believe that this language requires the execution of an assignment of rights. Further, there is no discussion of an assignment of any rights elsewhere in the settlement agreement or the agreed order of dismissal which would allow Ford to proceed directly against Scottsdale.

The order of the Knott Circuit Court is affirmed.

TAYLOR, Judge, concurs.

POTTER, Senior Judge, dissents.

---

**6.** *Id.*

**7.** *Luttrell v. Cooper Industries, Inc.,* 60 F.Supp.2d 629, 631 (E.D.Ky.1998) (quoting *Taggart v. U.S.,* 880 F.2d 867, 870 (6th Cir. 1989)).

**8.** *Beech v. Deere & Co.,* 614 S.W.2d 254, 257 (Ky.App.1981).

**9.** *Progressive Northern Ins. Co. v. Corder,* 15 S.W.3d 381, 391 n. 8 (Ky.2000) (Cooper, J., dissenting).

**10.** *Cuppy v. General Accident Fire & Life Assurance Corp.,* 378 S.W.2d 629, 632 (Ky. 1964). The *Cuppy* court excepted cases of insolvency and bankruptcy from this rule. *Id.*