RENDERED: JUNE 15, 2023
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2021-SC-0196-DG

DAVID MEGRONIGLE D/B/A ACCIDENT           APPELLANTS
INJURY CHIROPRACTIC; AND E-TOWN
INJURY CENTER INC. D/B/A METRO PAIN
RELIEF CENTER


                    ON REVIEW FROM COURT OF APPEALS
V.                      NO. 2019-CA-1838
      JEFFERSON CIRCUIT COURT NOS. 16-CI-000163 & 16-CI-000169


ALLSTATE PROPERTY & CASUALTY            APPELLEE
INSURANCE COMPANY


**OPINION OF THE COURT BY CHIEF JUSTICE VANMETER**

**<u>REVERSING AND REMANDING</u>**

The Kentucky Rules of Civil Procedure allow a trial court to compel a party failing to comply with an order to provide or permit discovery to pay the reasonable expenses, including attorney's fees, caused by the failure. CR[1] 37.02(3). In this case, the trial court utilized CR 37.02(3) to assess attorney's fees against a non-party after the non-party failed to obey an order to comply with a subpoena duces tecum. The Court of Appeals affirmed the trial court's decision. Because we find the plain language of CR 37.02(3) applies only to

---

[1] Kentucky Rule of Civil Procedure.

parties to an action, we reverse the Court of Appeals and remand for further proceedings.

## I.    Factual and Procedural Background.

This matter arises from an automobile collision.  Jean-Luc Henry and Dwayne Smith ("Plaintiffs") brought two actions related to the collision: a bodily injury claim against the driver of the vehicle in which Plaintiffs were riding, as well as against the driver of the other vehicle which caused the crash; and a contract claim against Plaintiffs' insurer, Allstate Property & Casualty Insurance Company ("Allstate"), for failure to pay basic reparation benefits as required under the policy.  The trial court consolidated the two cases.  Neither Plaintiffs nor the bodily-injury-case defendants are parties to this appeal.

As part of their post-crash medical treatment, Plaintiffs sought chiropractic treatment from Dr. David Megronigle and received MRIs taken by E-Town Injury Center.[2]  Allstate disputed the charges assessed by Dr. Megronigle for his care and alleged they were not properly compensable under KRS[3] 304.39-010, *et seq.*  To establish the validity of the charges, Allstate served Dr. Megronigle with subpoenas directing him to produce corporate representatives for deposition and for production of documents.  In general, the topics of the deposition and the documents related to Dr. Megronigle's

---

[2] Dr. Megronigle is the owner and manager of both chiropractic businesses named in this appeal.  The factual basis for the appeal and the application of our analysis is the same for both Appellants.  Because of this, Appellants will be collectively referred to as simply "Dr. Megronigle."

[3] Kentucky Revised Statute.

involvement in the lawsuit, his relationship with Plaintiffs' attorney, and general financial information for the businesses. Dr. Megronigle objected to the subpoenas as overbroad and moved for a protective order limiting the request to medical information relevant to Plaintiffs' case and excluding all business practice information. The court granted the protective order in part, permitting Allstate to obtain business records related to Plaintiffs' care, as well as the medical records. Allstate sought to depose Dr. Megronigle but was forced to reschedule Dr. Megronigle's deposition on several occasions. Allstate then moved for an order compelling compliance with the subpoenas, which the court granted. Dr. Megronigle sought review from the Court of Appeals via a writ of prohibition, which was denied.[4] Allstate again moved to compel compliance with the subpoenas and for an award of the costs associated with compelling Dr. Megronigle's compliance.

Shortly after argument on the second motion to compel, Dr. Megronigle "zeroed out" the accounts of Plaintiffs. With no outstanding medical bills left for Allstate to pay, Plaintiffs filed a notice of voluntary dismissal. However, no agreed order to dismiss was tendered, nor did the trial court enter an order dismissing.

Following the notice of voluntary dismissal, Allstate filed a memorandum in support of its motion for attorney's fees pursuant to CR 37.02(3). After conducting a hearing, the court ordered Dr. Megronigle to pay the reasonable

---

[4] Case No. 2018-CA-569-OA.

fees associated with Allstate's pursuit of the subpoenaed information, in the amount of $816.00.

Dr. Megronigle appealed the order to the Court of Appeals, making two arguments: (1) the trial court was without jurisdiction to enter the order, and (2) the trial court abused its discretion in making the award. In a 2-1 decision, the Court of Appeals affirmed the trial court. It first found that the court retained jurisdiction because the trial court had not entered an order pursuant to CR 41.01(2) dismissing the case. Second, it found that Dr. Megronigle's obstinacy in complying with the subpoenas justified the sanction. Court of Appeals Judge Thompson's dissenting opinion did not address the jurisdiction question, but rather found that CR 37.02(3) was an improper vehicle for assessing sanctions against a non-party. Dr. Megronigle moved for discretionary review pursuant to CR 76.20, which this Court granted.

## II. Analysis.

Before this Court, Dr. Megronigle reasserts his prior arguments. He first contends the trial court was without jurisdiction to sanction him because Plaintiffs had voluntarily dismissed the case prior to the sanctions order being issued. Second, Dr. Megronigle argues the trial court abused its discretion by sanctioning him for attempting to protect information he believes was undiscoverable. We address each argument in turn.

### A. The trial court retained jurisdiction over Dr. Megronigle.

Dr. Megronigle argues that after he zeroed out Plaintiffs' accounts and Plaintiffs filed their notice of voluntary dismissal, the trial court's jurisdiction

4

over him ceased. He contends, "with the ending of the main litigation so did the ancillary issues applicable to Allstate and Dr. Megronigle [also end]." Where a trial court is alleged to be acting without jurisdiction, this Court conducts a *de novo* review "because jurisdiction is generally only a question of law." *Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 810 (Ky. 2004).

We have little to add to the Court of Appeals' analysis of this issue. A plaintiff may unilaterally dismiss his or her case without court acquiescence by filing a notice of voluntary dismissal only if the adverse party has not served its answer or made a motion for summary judgement. CR 41.01(1). Alternately, a plaintiff may dismiss his or her case without leave of court by filing a stipulation of dismissal signed by all parties. *Id.* If the adverse party has served its answer, "an action, or any claim therein, shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." CR 41.01(2).

Here, Allstate had served its answer upon Plaintiffs and the Notice of Voluntary Dismissal tendered by Dr. Megronigle was signed only by his counsel. For that notice to be procedurally sound, the signatures of *all* parties were required. *Beech v. Deere & Co.*, 614 S.W.2d 254, 256 (Ky. App. 1981). Without Allstate's signature, the notice was procedurally infirm and could otherwise only be construed as a motion to dismiss pursuant to CR 41.02(2).

The record shows the trial court took no action on the notice. The court made no findings to establish if dismissal was proper. *See Sublett v. Hall*, 589 S.W.2d 888, 894 (Ky. 1979) (articulating criteria for court to consider when

5

determining whether dismissal is proper; the basic criterion being "whether the opposing party will suffer some substantial injustice or be substantially prejudiced[]". And the court did not enter an order dismissing the case. Although Plaintiffs and Dr. Megronigle may have believed the case to have been dismissed, procedurally this was not so. Accordingly, when the trial court ruled on Allstate's final motion for costs, it did so fully vested with jurisdiction over the matter.

### B. CR 37.02(3) does not permit expenses against a non-party.

Having found the trial court retained jurisdiction, we address Dr. Megronigle's second argument: that because his actions in opposing discovery of the subpoenaed information were substantially justified, the trial court abused its discretion in awarding fees to Allstate pursuant to CR 37.02(3). However, we need not reach the abuse of discretion question as we find the award improper for a more fundamental reason: the plain language of CR 37.02(3) does not allow a trial court to sanction a non-party.

CR 37.02(3) states,

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

"[A]s with statutes, we interpret the civil rules in accordance with their plain language." *Hazard Coal Corp. v. Knight*, 325 S.W.3d 290, 296 (Ky. 2010) (citing *Lanham v. Commonwealth*, 171 S.W.3d 14, 21 n.9 (Ky. 2005)).

6

Dr. Megronigle is not a party to the underlying action. We have found in other contexts that "party" means only those entities who are parties of record in a proceeding. *See City of Louisville v. Christian Bus. Women's Club, Inc.*, 306 S.W.2d 274, 276 (Ky. 1957) (holding that "[t]he term 'party' as used in CR 73.02(2) clearly means a party to the proceeding[]") (citing *Bartholomew v. Paniello*, 287 S.W.2d 616 (Ky. 1956)); *Keith v. Gore*, 24 Ky. 8 (1829) (interpreting "parties" as "only those who were before the court by service of process[]"). We see no reason for "party" to have a different meaning here. Dr. Megronigle was involved in the case solely by virtue of the subpoenas served upon him by Allstate. The language of CR 37.02(3) simply does not apply to non-parties like Dr. Megronigle.

CR 37.02 contains two primary sanctions provisions: one for courts where a deposition is taken and one for courts in which the action is pending. CR 37.02(1)-(2). Sanctions under CR 37.02(1) are expressly contemplated as against deponents—who may or may not be parties to the litigation—with the word "party" not used. Conversely, sanctions under CR 37.02(2) are permitted only against a party and deponents are not mentioned.[5] The language of the rule distinguishing "party" from "deponent" elects to exclude deponents from the fee-shifting provision contained in CR 37.02(3). Accordingly, as then-Judge

---

[5] We note also that our civil rules vary from the Federal Rules of Civil Procedure in this respect. FRCP 37(b)(2)—the federal equivalent to CR 37.02(2)—provides for sanctions against a deposed *witness*, whereas our rule only contemplates sanctions against a deponent testifying on behalf of a party.

7

Thompson wrote in his dissent, "This 'remedy' is simply unavailable against the non-parties."

This conclusion does not mean that a trial court is without recourse against an intransigent non-party. On the contrary, our rules provide mechanisms for sanctions when a non-party disrupts the discovery process. *See* CR 37.01(d)(i) (permitting assessment of the costs of moving for an order compelling discovery against a deponent whose conduct necessitated the motion); CR 37.02(1) (stating that "[i]f a deponent fails to be sworn or to answer a question after being directed to do so by the court…, the failure may be considered a contempt of that court[]"); CR 45.06 (providing that "[d]isobedience of a subpoena or a refusal to be sworn or to answer as a witness may be punished as a contempt of the court in which the action is pending[]"). These provisions belie Allstate's concern that limiting the application of CR 37.02(3) "risks the open and fair discovery our adversarial process is grounded on." Our ruling does not leave trial courts and litigants defenseless against the caprice of a non-party; it merely clarifies which procedural weapons they may wield.

### III.    Conclusion.

For the foregoing reasons, the opinion of the Court of Appeals is reversed and this matter is remanded to the Jefferson Circuit Court for further proceedings.

VanMeter, C.J.; Conley, Keller, Lambert, and Nickell, JJ., and Special Justice Chadwick A. McTighe and Special Justice C. Michael Reynolds sitting. All concur. Bisig and Thompson, JJ., not sitting.

COUNSEL FOR APPELLANTS:

Jean Fox DeMoisey
DeMoisey Law Office, PLLC

COUNSEL FOR APPELLEE:

Brian D. Stempien
Rheanne Dodson Falkner
Travis Herbert & Stempien, PLLC