RENDERED:  OCTOBER 3, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0022-MR

CHERNOR JELLOH AND J.                                    APPELLANTS
ANDREW WHITE


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE JULIE KAELIN, JUDGE
                    ACTION NO. 24-CI-000758


NICOLE SPIVEY                                              APPELLEE


OPINION
REVERSING
AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND EASTON, JUDGES.

COMBS, JUDGE:  This case involves a rather unusual procedural issue underlying a settlement agreement.  J. Andrew White, as counsel for Chernor Jelloh and on his own behalf, challenges an order of the Jefferson Circuit Court dismissing the civil action filed by Jelloh against Nicole Spivey.  After our review of the matter, we reverse the court's order and remand for additional proceedings.

On January 31, 2024, Jelloh, a native of West Africa, filed a civil action against Spivey. Jelloh alleged that he had been injured as a result of a motor vehicle accident caused by Spivey in February 2022. In March 2024, Spivey answered the complaint and denied the allegations. Nevertheless, within a few months, the parties agreed to settle the dispute.

Confirmation of the settlement agreement and a written release to be signed by Jelloh were immediately forwarded to White, Jelloh's counsel. Over the following months, opposing counsel exchanged a string of emails in an attempt to wind up the matter. Eventually, Spivey's counsel demanded that Jelloh execute the release in exchange for payment of $7,500.00. In response, White admitted that he was no longer in contact with Jelloh. White suggested that perhaps Jelloh had returned to West Africa.

On September 12, 2024, Spivey's counsel filed a motion to enforce the terms of the parties' settlement agreement. Counsel requested the court to order Jelloh to execute the release that had been forwarded to White on June 6, 2024, in exchange for the agreed sum of $7,500.00. The Jefferson Circuit Court concluded that the motion was well taken and, on September 24, 2024, it ordered Jelloh to execute the release within fourteen days.

However, no executed release was forthcoming. As a result, Spivey's counsel filed a motion for contempt asking the court to award him the fees incurred

as a result of having been compelled to bring the motion. However, he did not -- as a final remedy -- request the trial court to appoint some other person to execute the release in Jelloh's stead as is authorized by our rules of civil procedure. *See* Kentucky Rules of Civil Procedure (CR) 70.

In its order entered on November 19, 2024, the trial court set the matter for a hearing to be conducted on December 2, 2024. In its order, the court announced that the action would be dismissed if Jelloh failed to appear and failed to execute the settlement documents in compliance with its prior order.

Jelloh did not sign the release, nor did he appear for the December hearing. The trial court summarily dismissed the underlying civil action. A subsequent motion to alter, amend, or vacate was denied. Asserting that he was entitled to recover his fee, White filed a timely notice of appeal on behalf of the missing Jelloh and himself.

On appeal, White contends that the trial court erred by dismissing the action. He describes Jelloh's disappearance as "an unfortunate circumstance and an unusual mystery imposed upon the facts of the case." Jelloh's disappearance notwithstanding, White argues that the parties' settlement is an enforceable contract because Jelloh's personal execution of the release of his claims against Spivey is not required in order to implement the agreement. We agree.

Settlement agreements are contracts governed by contract principles.

-3-

*Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 105 (Ky. 2003); *Ford v. Ratliff*, 183 S.W.3d 199 (Ky. App. 2006). "The fundamental elements of a valid contract are 'offer and acceptance, full and complete terms, and consideration.'" *Energy Home, Div. of S. Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 834 (Ky. 2013) (citations omitted). Parties commonly agree to settle an action through verbal and/or written exchanges. A compromise agreement is no less binding where it is yet to be reduced to writing. *United States Liability Insurance Company v. Watson*, 626 S.W.3d 569, 576 (Ky. 2021).

The essential elements of an enforceable contract between Jelloh and Spivey were formed just months after the complaint was filed. Their mutual promises constituted the necessary consideration. All that was required to **implement** the agreement was an exchange of $7,500.00 for the signed release. *See United States Liability Insurance Company*, *supra*. Spivey's counsel filed a motion to do just that.

No one argued to the trial court that the parties' settlement agreement was unenforceable. Nevertheless, execution of the release of Jelloh's claims *was* essential because it was a material term of the contract. Spivey's counsel forwarded the prepared release to White's office the very day that the agreement was reached, and, over the many months that followed, counsel never voiced an objection to its contents. Because there is no indication that the release failed to

reflect the agreement reached by the parties during their negotiations, the parties' agreement was absolutely enforceable even where Jelloh was unable or unwilling to execute the release. In fact, under the circumstances, where the trial court's order directed Jelloh to execute the release and he failed to comply within the time specified, the court was empowered with specific authority to appoint someone to execute the release at Jelloh's expense. CR 70.

Even though **both parties sought to implement the agreement**, the trial court nonetheless dismissed the action. In light of its earlier warning and counsel's contempt motion, we assume that the trial court concluded that dismissal was warranted because Jelloh violated its order to appear and execute the release.

A civil contempt occurs where a party fails to comply with a court order intended to enforce the adjudged right of an adverse party. *Nienaber v. Commonwealth ex rel. Mercer*, 594 S.W.3d 232, 235 (Ky. App. 2020). The power to impose a civil contempt sanction is inherent in the court's authority. *Crowder v. Rearden*, 296 S.W.3d 445, 448 (Ky. App. 2009). A civil contempt sanction is meant to benefit an adverse party either by coercing compliance with the order or by compensating for losses occasioned by the noncompliance. *Commonwealth, Cabinet for Health and Family Services v. Ivy*, 353 S.W.3d 324, 332 (Ky. 2011).

An award of attorney fees -- as was sought in this case -- is ordinarily within the scope of available civil contempt sanctions since it compensates a party

for an adversary's recalcitrance. However, the sanction of dismissal that was actually levied in this case was imposed to punish Jelloh rather than to coerce him to act. And it resulted in no compensation whatsoever. The sanction was not subject to purgation through compliance with an order; instead, it was apparently imposed to vindicate the authority of the court. The contempt of court was, therefore, effectively rendered criminal in nature rather than civil. *See Cabinet for Health and Family v. J.M.G.*, 475 S.W.3d 600, 608 (Ky. 2015).

Unlike civil contempt, criminal contempt implicates the full panoply of procedural protections provided by our Constitution. *Id.* Whereas due process was not afforded Jelloh in the trial court's hearing, dismissal of his civil action as a sanction for his failure to appear and to execute the release was unnecessary and inappropriate.

Alternatively, pursuant to the provisions of CR 41.02, a defendant may move for a dismissal of an action based upon the plaintiff's failure to comply with an order of the court. The trial court's consideration of such a motion **requires** fact-specific determinations left largely to its sound discretion. *Jones v. Pinter*, 642 S.W.3d 698, 701 (Ky. 2022). The court's discretion is not unfettered, however, and involuntary dismissal is an extreme remedy. *Id.*

In this case, there was no motion before the court seeking involuntary dismissal. The trial court made no fact-specific determinations as required before

an involuntary dismissal may be ordered.  Moreover, under the circumstances, violation of the court's order directing Jelloh to appear and to execute the release in order to implement the agreement was insufficient to warrant the extreme remedy of dismissal with prejudice.

We reverse the order of the Jefferson Circuit Court, and we remand this matter for additional proceedings in which the court may exercise the authority available to it pursuant to CR 70.

ALL CONCUR.

| BRIEFS FOR APPELLANTS: | BRIEF FOR APPELLEE: |
|---|---|
| J. Andrew White<br>Louisville, Kentucky | Thomas F. Glassman<br>Cincinnati, Ohio |